JOHN V. TELLADO, Plaintiff v. TI-CARO CORPORATION, a North Carolina Corporation and DIXIE YARNS, INC., a Tennessee Corporation, Defendants

No. 9325SC1248

(Filed 18 July 1995)

**Workers' Compensation § 60 (NCI4th); Labor and Employment § 75 (NCI4th)— retaliatory discharge—Workers' Compensation Act inapplicable—Release and Severance agreement not barred by Act**

N.C.G.S. § 97-6, which provides that no contract or agreement shall relieve an employer of any obligation created by the Workers' Compensation Act, does not apply to retaliatory discharge claims, since retaliatory discharge is not an "obligation" within the contemplation of this rule, and obligation refers only to benefits paid under the Act; therefore, N.C.G.S. § 97-6 did not bar the Release and Severance Agreement entered into by the parties which gave plaintiff three months' severance pay in exchange for his agreement to make no claim of any kind upon defendant employer.

**Am Jur 2d, Workers' Compensation §§ 474 et seq.**

TELLADO v. TI-CARO CORP.

[119 N.C. App. 529 (1995)]

Appeal by plaintiff from judgment entered by Judge J. Marlene Hyatt on 5 October 1993 in Catawba County Superior Court. Heard in the Court of Appeals 3 October 1994.

*Catawba Valley Legal Services, Inc., by Phyllis Palmieri, for plaintiff appellant.*

*Constangy, Brooks & Smith, by W. R. Loftis, Jr., and Robin E. Shea, for defendant appellees.*

COZORT, Judge.

Plaintiff appeals from order granting summary judgment for defendants on plaintiff's claim for retaliatory discharge. We affirm.

Plaintiff was employed by defendants in their Catawba County plant as a supervisor in the card and spinning room. On 12 January 1992, plaintiff was injured on the job while helping a co-worker unchoke a clogged waste line. The door to the line slammed on plaintiff's hand, injuring a finger on his right hand. He immediately reported the accident to his supervisors.

On 22 January 1992, plaintiff sought treatment from Dr. Donald Campbell of the Catawba Bone and Joint Clinic. Jane Shoemaker, an employee of defendants, told Dr. Campbell's office that plaintiff would not be covered by workers' compensation. On the same day, plaintiff's supervisor, Donald Arrowood, noted in plaintiff's personnel file that "John went to the doctor on his own [*sic*] was not notified until after the fact."

On 24 January 1992, Tom Arrington, plant manager, and Arrowood met with plaintiff. Plaintiff was placed on a sixty-day probation. Arrowood made another entry in plaintiff's file stating that the meeting was "about following set procedure for accident follow-up . . . John is given 60-day turn around period on behavior." The plaintiff was discharged on 31 March 1992.

On 4 April 1992, plaintiff signed a document prepared by his employer entitled "Severance and Release Agreement" in exchange for three months' severance pay. The release provides in pertinent part that plaintiff:

    1)  Hereby unconditionally release Dixie . . . from any and all claims arising out of my employment and termination from employment including, but not limited to, any claims for wrongful discharge . . . .

**TELLADO v. TI-CARO CORP.**

[119 N.C. App. 529 (1995)]

2) Agree not to institute any charge, claim, demand, or action based upon any federal, state, or local statutory law, regulation, or any common law theory including, but not limited to, any claims for wrongful discharge . . . against Dixie . . . concerning any aspect of my employment with Dixie or termination thereof.

IV. I represent that I have read and understand the foregoing . . . . I understand that my acceptance of the consideration stated in Section I above and my execution of this Severance and Release Agreement are intended to bar any and all disputes arising out of my employment with Dixie or termination thereof. . . . I agree that if I challenge, fail, or refuse to abide by the terms hereof, then Dixie shall be entitled to stop making any future payments and shall be entitled to the return of all monies and benefits paid on behalf of Dixie in consideration for this Severance and Release Agreement and shall be entitled to attorneys' fees and other claims that it may have against me for the breach of the terms thereof.

Plaintiff continued to be treated by Dr. Campbell. On 24 January 1992, defendants notified Dr. Campbell that the workers' compensation claim would be filed and paid plaintiff's medical expenses. On 4 August 1992, Dr. Campbell released plaintiff with 20% permanent partial disability in his middle finger.

Plaintiff filed a verified complaint on 30 March 1993, alleging retaliatory discharge by defendants. Defendants filed an answer and counterclaim alleging breach of contract. A copy of the Severance and Release Agreement was attached as Exhibit A. In his reply to defendants' counterclaim, plaintiff denied that the Severance and Release Agreement is a bar to his claims pursuant to N.C. Gen. Stat. § 97-6.1 or that he breached the agreement. On 7 June 1993, defendants filed a motion for judgment on the pleadings.

On 9 August 1993, Judge J. Marlene Hyatt heard defendants' motion. Judge Hyatt considered Exhibit A, the Severance and Release Agreement, and treated the motion as a motion for summary judgment. On 16 August 1993 the trial court ruled that there was no genuine issue of material fact and granted summary judgment for defendants on plaintiff's claim and defendants' counterclaim. On 5 October 1993, the trial court entered an order awarding defendants $2,500 on their counterclaim along with reasonable attorneys' fees and costs. Plaintiff appealed.

Plaintiff contends that the trial court erred in concluding that there was no genuine issue of material fact and that defendants were entitled to judgment as a matter of law. Specifically, plaintiff asserts (1) that the trial court erred in granting summary judgment to defendants based on an agreement which is barred by statute, and (2) the pleadings show that there are material issues of fact which preclude summary judgment. We disagree.

Summary judgment is properly granted where the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The party moving for summary judgment has the burden of showing that there is no triable issue of material fact. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E.2d 350, 353 (1985). " 'The movant may meet this burden by proving that an essential element of the adverse party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence sufficient to support an essential element of his claim . . . .' " *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 63, 414 S.E.2d 339, 342 (1992) (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). Once the movant meets his burden, the burden then shifts to the non-moving party to show that a genuine issue exists by forecasting sufficient evidence of all essential elements of their claim. *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). The court must look at the evidence in the light most favorable to the non-moving party and with the benefit of all reasonable inferences. *Isbey v. Cooper Companies*, 103 N.C. App. 774, 775, 407 S.E.2d 254, 256 (1991), *disc. review denied*, 330 N.C. 613, 412 S.E.2d 87 (1992).

Plaintiff argues that N.C. Gen. Stat. § 97-6 prohibits the use of releases by employers to obtain relief from the obligations created under the Workers' Compensation Act. N.C. Gen. Stat. § 97-6 (1991) provides the following:

> No contract or agreement, written or implied, no rule, regulation, or other device shall in any manner operate to relieve an employer in whole or in part, of any obligation created by this Article, except as herein otherwise expressly provided.

Furthermore, plaintiff contends that a release does not bar a retaliatory discharge claim under N.C. Gen. Stat. § 97-6.1 (repealed 1991, effective 1 October 1992, reenacted as part of Art. 21 of Ch. 95 of the

General Statutes, effective 1 October 1992) unless it satisfies the exception under N.C. Gen. Stat. § 97-17. This exception allows "settlements . . . between the employee and employer so long as the amount of compensation and the time and manner of payment are in accordance with the provisions of this Article . . . [and] approved by the Industrial Commission." N.C. Gen. Stat. § 97-17 (1991). Plaintiff's position is that the exception of N.C. Gen. Stat. § 97-17 applies to claims for lost wages and medical benefits, not retaliatory discharge. Even assuming retaliatory discharge was within this statute, plaintiff argues, the release was not approved by the Industrial Commission. Plaintiff argues the release does not fall within the exception and cannot serve as a bar to plaintiff's retaliatory discharge claim. We disagree.

The primary rule of statutory construction is that the intent of the legislature controls the interpretation of a statute. *Derebery v. Pitt County Fire Marshall*, 318 N.C. 192, 196, 347 S.E.2d 814, 817 (1986). To determine this intent, the courts should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish. *Id.* The court must also consider the law that existed at the time of the statute's enactment to determine legislative intent. *News & Observer Publishing Co. v. State of North Carolina, ex. rel. Haywood Starling*, 312 N.C. 276, 282, 322 S.E.2d 133, 137 (1984).

The North Carolina Workers' Compensation Act was enacted in 1929 to provide employees swift and certain compensation for injuries suffered on the job, while limiting the liability of employers. *Rorie v. Holly Farms Poultry Co.*, 306 N.C. 706, 709, 295 S.E.2d 458, 460 (1982). N.C. Gen. Stat. §§ 97-6 and -17 were enacted as part of the North Carolina Workers' Compensation Act in 1929 to protect employees from employers who would try to circumvent the Act through contracts to waive benefits. For this reason, settlement agreements for workers' compensation claims must be submitted to the Industrial Commission for approval. N.C. Gen. Stat. § 97-17 (1991). On the other hand, the General Assembly enacted N.C. Gen. Stat. § 97-6.1 in 1979 forbidding retaliatory discharge of employees for filing workers' compensation claims. This retaliatory discharge statute does not compensate employees for injuries on the job nor does it protect limited liability of employers; if anything, it increases the liability of employers.

Furthermore, N.C. Gen. Stat. § 97-6.1 overruled *Dockery v. Lampart Table Co.*, 36 N.C. App. 293, 244 S.E.2d 272, *disc. review*

*denied,* 295 N.C. 465, 246 S.E.2d 215 (1978), where this Court refused to make an exception to North Carolina's employment-at-will rule for employees who were discharged in retaliation for filing workers' compensation claims. Case law in the employment law area tends to suggest that the intent of the statute was to provide an exception to the employment-at-will doctrine, not to provide further benefits under the Workers' Compensation Act. *See, e.g., Sides v. Duke Hospital,* 74 N.C. App. 331, 328 S.E.2d 818, *disc. review denied,* 314 N.C. 331, 333 S.E.2d 490 (1985); *Coman v. Thomas Mfg. Co.,* 325 N.C. 172, 381 S.E.2d 445 (1989). Likewise, the fact that the General Assembly repealed N.C. Gen. Stat. § 97-6.1 and recodified it in N.C. Gen. Stat. § 95-241 (1991) (effective 1 October 1992), which specifically addresses retaliatory employment discrimination, further advances this view.

We also note several differences between the retaliatory discharge statute and the remainder of the North Carolina Workers' Compensation Act. First, the Industrial Commission has jurisdiction to determine whether an employee is entitled to compensation under the Act. N.C. Gen. Stat. § 97-91 (1991). Under prior law, jurisdiction for retaliatory discharge claims rests in the General Court of Justice. N.C. Gen. Stat. § 97-6.1(d). Second, workers' compensation benefits are not fault based, have a two-year statute of limitations, and the benefits scheme is specific in terms of schedule of injuries and rate and period of compensation. Recovery under the retaliatory discharge statute depends on the employer's motive, making fault an issue. Also, the statute of limitations is one year, and the plaintiff is entitled to reasonable damages suffered. Third, Article V of the Rules of the North Carolina Industrial Commission provides that agreements to settle claims for compensation must be submitted to the Industrial Commission. I.C. Rule 501. Retaliatory discharge claims do not provide compensation; therefore, agreements settling these actions need not be submitted to the Industrial Commission.

Based on the foregoing reasons, we conclude that N.C. Gen. Stat. § 97-6 does not apply to retaliatory discharge claims. Retaliatory discharge is not an "obligation" within the contemplation of this rule. Obligation refers only to benefits paid under this Act. N.C. Gen. Stat. § 97-6 does not bar the Release and Severance Agreement. In light of this ruling, we need not reach plaintiff's contention that there is a genuine issue of material fact with respect to motivation. We hold the trial court properly granted summary judgment for defendants on

both the plaintiff's claim and defendants' counterclaim. The trial court is

Affirmed.

Chief Judge ARNOLD and Judge LEWIS concur.