STATE OF NORTH CAROLINA, PLAINTIFF v. RENWICK MARVIN BETHEA, DEFENDANT

No. COA95-650

(Filed 4 June 1996)

**Criminal Law § 1073.8 (NCI4th)— Structured Sentencing— habitual felon—points for same elements and probation— offenses used in habitual felon status**

The trial court did not err when sentencing defendant under the Structured Sentencing Act as an habitual felon by assigning one point pursuant to N.C.G.S. § 15A-1340.14(b)(6) because the offense for which defendant was being sentenced contains the same elements as a prior offense that had been used in establishing his status as an habitual felon and by assigning a point pur-

STATE V. BETHEA

[122 N.C. App. 623 (1996)]

suant to N.C.G.S. § 15A-1340.14(b)(7) because defendant committed the offense while on probation for an offense that had been used to establish defendant's status as an habitual felon. N.C.G.S. § 15A-1340.14(b)(6) and (b)(7) address the gravity and circumstances surrounding the offense for which defendant is being sentenced, rather than the mere existence of a prior offense.

**Am Jur 2d, Criminal Law §§ 525 et seq.**

Appeal by defendant from judgment and commitment entered 16 February 1995 by Judge Peter M. McHugh in Forsyth County Superior Court. Heard in the Court of Appeals 21 March 1996.

Defendant was charged with breaking and entering with intent to commit larceny, felonious larceny, and felonious possession of the implements of housebreaking. On 16 February 1995, the defendant pleaded guilty as an habitual felon to the charges of breaking and entering with intent to commit larceny and to the felonious larceny. Defendant also pleaded guilty to the charge of possession of the implements of housebreaking. Defendant's pleas were entered pursuant to a plea agreement under which (1) the offenses would be consolidated for the purposes of judgment, (2) the State would stipulate to the existence of one mitigating factor, (3) the sentences given would be in the mitigated ranges, (4) the sentences would run concurrently, and (5) the defendant would serve a probationary sentence which was already in effect against him.

Defendant's habitual felon status was established by virtue of the following prior convictions:

(1) 15 December 1992 conviction for felony Breaking, Entering, and Larceny in Forsyth County Case No. 92 CRS 36195, occurring on 12 September 1992;

(2) 13 September 1993 conviction for the felony offense of Larceny of a Firearm in Forsyth County Case No. 93 CRS 19228, occurring on 24 May 1993; and

(3) 15 August 1994 conviction for Possession of Cocaine in Forsyth County Case No. 94 CRS 13517, occurring on 1 April 1994.

At the time he committed the offenses which are the subject of this appeal, defendant was on probation as part of the sentence imposed for the 15 August 1994 conviction for possession of cocaine.

STATE V. BETHEA

[122 N.C. App. 623 (1996)]

Defendant was sentenced pursuant to the Structured Sentencing Act. The trial court determined that defendant was a Class C felon with a Prior Record Level III and imposed a minimum sentence of 80 months and a maximum sentence of 105 months.

Defendant appeals.

*Attorney General Michael F. Easley, by Assistant Attorney General Jill Ledford Cheek, for the State.*

*Bruce & Baskerville, by R. Michael Bruce, for defendant-appellant.*

EAGLES, Judge.

Defendant argues that the trial court erred in determining defendant's prior record level (1) when it considered that all the elements of the present offense are included in a prior offense which had been used to establish defendant's habitual felon status, and (2) when it considered that the present offense was committed while the defendant was on probation as part of the sentence imposed for a prior offense which had been used to establish defendant's habitual felon status. Defendant argues that calculating the prior record level in this manner is contrary to G.S. 14-7.6. We disagree.

Before imposing a sentence under the Structured Sentencing Act, the trial court must determine the prior record level of the defendant pursuant to G.S. 15A-1340.14. G.S. 15A-1340.13 (1994). G.S. 15A-1340.14 sets out the following scheme for calculating a defendant's prior record level:

(a) Generally.—The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court finds to have been proved in accordance with this section.

(b) Points.—Points are assigned as follows:

(1) For each prior felony Class A conviction, 10 points.

(1a) For each prior felony Class B1 conviction, 9 points.

(2) For each prior felony Class B2, C, or D conviction, 6 points.

(3) For each prior felony Class E, F, or G conviction, 4 points.

(4)  For each prior felony Class H or I conviction, 2 points.

(5)  For each prior Class A1 or Class 1 misdemeanor conviction, 1 point, except that convictions for Class 1 misdemeanor offenses under Chapter 20 of the General Statutes, other than conviction for misdemeanor death by vehicle (G.S. 20-141.4(a2)), shall not be assigned any points for purposes of determining a person's prior record for felony sentencing.

(6)  If all the elements of the present offense are included in the prior offense, 1 point.

(7)  If the offense was committed while the offender was on probation or parole, or while the offender was serving a sentence of imprisonment, or while the offender was on escape from a correctional institution while serving a sentence of imprisonment, 1 point.

G.S. 15A-1340.14 (1995). Once the total number of points is calculated pursuant to G.S. 15A-1340.14(b), the prior record level is determined by comparing the point total calculated to the range of point totals corresponding to each prior record level as listed in G.S. 15A-1340.14(c).

The chief limitation on the use of G.S. 15A-1340.14 is found in G.S. 14-7.6, which states that "[i]n determining the prior record level, convictions used to establish a person's status as an habitual felon shall not be used." G.S. 14-7.6 (1994). This provision recognizes that there are two independent avenues by which a defendant's sentence may be increased based on the existence of prior convictions. A defendant's prior convictions will either serve to establish a defendant's status as an habitual felon pursuant to G.S. 14-7.1 or to increase a defendant's prior record level pursuant to G.S. 15A-1340.14(b)(1)-(5). G.S. 14-7.6 establishes clearly, however, that the existence of prior convictions may not be used to increase a defendant's sentence pursuant to both provisions at the same time.

In calculating defendant's prior record level pursuant to G.S. 15A-1340.14(b)(1)-(5), the trial court here did not consider defendant's prior convictions that were used to establish his status as an habitual felon. The trial court did, however, assign defendant one point pursuant to G.S. 15A-1340.14(b)(6) because the offense for which defendant is now being sentenced contains the same elements

as a prior offense that had been used in establishing his status as an habitual felon. Moreover, the trial court also assigned defendant one point pursuant to G.S. 15A-1340.14(b)(7) because defendant committed the offense for which he is now being sentenced while on probation for an offense that had been used to establish defendant's status as an habitual felon. Defendant argues that this assignment of points pursuant to subsections (b)(6) and (b)(7) was improper in light of the proscriptive language of G.S. 14-7.6. We are not persuaded.

The cardinal rule of statutory construction is that "the intent of the legislature controls the interpretation of a statute." *Tellado v. Ti-Caro Corp.*, 119 N.C. App. 529, 533, 459 S.E.2d 27, 30 (1995). In determining legislative intent, we "should consider the language of the statute, the spirit of the act, and what the act seeks to accomplish." *Id.* We must insure that "the purpose of the legislature in enacting [the statute], sometimes referred to as legislative intent, is accomplished." *Commissioner of Insurance v. Automobile Rate Office*, 293 N.C. 365, 392, 239 S.E.2d 48, 65 (1977).

Applying these principles of statutory construction, we conclude that the assignment here of points pursuant to G.S. 15A-1340.14(b)(6) and (b)(7) was not contrary to the language of G.S. 14-7.6. We reach this conclusion because G.S. 15A-1340.14(b)(6) and (b)(7) address the gravity and circumstances surrounding the offense for which defendant is now being sentenced, rather than the mere existence of a prior offense.

The distinction between G.S. 15A-1340.14(b)(1) through (b)(5) and G.S. 15A-1340.14(b)(6) and (b)(7) is easier to recognize when one considers the condition that triggers the assignment of points under each subsection of G.S. 15A-1340.14(b). For points to be assigned pursuant to G.S. 15A-1340.14(b)(1)-(5), the only condition that must be met is the existence of a prior conviction. For points to be assigned pursuant to G.S. 15A-1340.14(b)(6) and (b)(7), however, the mere existence of a prior offense is not dispositive. The timing and nature of the present offense are the dispositive conditions that, if fulfilled, trigger the assignment of an extra point. Further, we note that G.S. 15A-1340.14(b)(1) through (b)(5) address only the existence of prior offenses and do not consider at all the present offense, while G.S. 15A-1340.14(b)(6) involves a comparison of the present offense with prior offenses and G.S. 15A-1340.14(b)(7) is directed to the circumstances of the present offense.

**IN RE GALVAN INDUSTRIES**

[122 N.C. App. 628 (1996)]

In discerning legislative intent, we note that the Structured Sentencing Act generally provides for more severe punishment for recidivist crimes. The most egregious examples of recidivism would include the commission of offenses which contain the same elements as a prior offense and the commission of offenses while serving probation for a prior offense. Accordingly, we conclude here that there is no error in the trial court's judgment and commitment.

Affirmed.

Judges JOHN and WALKER concur.