STATE OF NORTH CAROLINA v. THOMAS WADE LEOPARD, JR.

No. COA96-1291

(Filed 15 April 1997)

**1. Criminal Law § 1093 (NCI4th Rev.)— assault conviction— sentencing—probation—one record point**

In sentencing defendant for his assault conviction, it was not error for the trial court to assess defendant one prior record point, pursuant to N.C.G.S. § 15A-1340.14(b)(7), for committing the offense while on probation for driving while impaired even though the driving while impaired conviction could not be assessed a prior record point.

**Am Jur 2d, Automobiles and Highway Traffic § 118.**

**2. Evidence and Witnesses § 1070 (NCI4th)— jury instructions—flight—no error**

It was not error for the trial court to instruct the jury on flight where the evidence presented at trial showed that after defendant had shot the victim, a witness told defendant that "911" had been called; upon hearing sirens, defendant told his companion that they should leave; and defendant then got in his car and left the scene.

**Am Jur 2d, Evidence §§ 532, 533; Trial §§ 1333, 1184, 1202.**

Appeal by defendant from judgment entered 6 June 1996 by Judge Robert P. Johnston in Haywood County Superior Court. Heard in the Court of Appeals 14 April 1997.

STATE v. LEOPARD

[126 N.C. App. 82 (1997)]

*Attorney General Michael F. Easley, by Special Deputy Attorney General Thomas D. Zweigart, for the State.*

*Marjorie S. Canaday for defendant-appellant.*

MARTIN, John C., Judge.

Defendant appeals from a judgment entered upon his conviction of assault with a deadly weapon inflicting serious injury. The State's evidence tended to show that on 13 December 1995 defendant and Dean Fowler went to the residence of defendant's estranged wife. Her current boyfriend, Tony Price was there. Defendant shot Price with a shotgun and held a knife to his throat. Upon hearing sirens in the distance, defendant got into a car and left the scene.

Defendant testified that he shot Tony Price because Price was moving toward his car and saying that he was going to get his gun to shoot defendant. He also testified that after he shot Price he approached Price with a knife because he was afraid of Price.

The jury found defendant guilty of assault with a deadly weapon inflicting serious injury. The trial court determined that defendant had five prior record points and that his prior record level was III. Based upon this prior record level, the trial court sentenced defendant to a minimum prison term of thirty-three months and a maximum prison term of forty-nine months.

[1] Defendant first argues the trial court erred by assigning to him a prior record point for committing the offense while on probation. We disagree.

N.C. Gen. Stat. § 15A-1340.14 (Cum. Supp. 1996) sets out the method for determining a defendant's prior record points:

(a) Generally.—The prior record level of a felony offender is determined by calculating the sum of the points assigned to each of the offender's prior convictions that the court finds to have been proved in accordance with this section.

(b) Points.—Points are assigned as follows:

(1)   For each prior felony Class A conviction, 10 points.

(1a)   For each prior felony Class B1 conviction, 9 points.

(2)   For each prior felony Class B2, C, or D conviction, 6 points.

(3) For each prior felony Class E, F, or G conviction, 4 points.

(4) For each prior felony Class H or I conviction, 2 points.

(5) For each prior Class A1 or Class 1 misdemeanor conviction, 1 point, except that convictions for Class 1 misdemeanor offenses under Chapter 20 of the General Statutes, other than conviction for misdemeanor death by vehicle (G.S. 20-141.4(a2)), shall not be assigned any points for purposes of determining a person's prior record for felony sentencing.

(6) If all the elements of the present offense are included in the prior offense, 1 point.

(7) If the offense was committed while the offender was on probation or parole, or while the offender was serving a sentence of imprisonment, or while the offender was on escape from a correctional institution while serving a sentence of imprisonment, 1 point.

After the prior record point total is calculated pursuant to this statute, the prior record level is determined pursuant to N.C. Gen. Stat. § 15A-1340.14(c) (Cum. Supp. 1996).

The trial court in this case assigned two points each for defendant's two previous felony convictions and assigned one point under subsection (b)(7) because defendant committed the present offense while on probation for driving while impaired. Defendant's contention is that since the driving while impaired conviction, a misdemeanor offense under Chapter 20 of the General Statutes, could not be assigned a point under subsection (b)(5), the fact that he was on probation for that same offense should not have been assigned a point.

Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give it its plain and definite meaning. *Utilities Comm. v. Edmisten, Atty. General*, 291 N.C. 451, 232 S.E.2d 184 (1977). If, however, the provisions of a statute are ambiguous, a court must construe the statute to ascertain the legislative will. *Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E.2d 797 (1948).

**STATE v. LEOPARD**

[126 N.C. App. 82 (1997)]

"The cardinal rule of statutory construction is that 'the intent of the legislature controls the interpretation of the statute.' " *State v. Bethea*, 122 N.C. App. 623, 627, 471 S.E.2d 430, 432 (1996) (quoting *Tellado v. Ti-Caro Corp.*, 119 N.C. App. 529, 533, 459 S.E.2d 27, 30 (1995)). In determining the legislative intent the language and spirit of the statute must be considered as well as what it seeks to accomplish. *Id.*

By assessing an additional point for commission of an offense while on probation, imprisoned, or on escape from prison, the General Assembly indicated its intention to punish an offense more severely if committed by a defendant while he is being punished for another offense. We believe the language of subsection (b)(7) is clear and unambiguous that if a defendant commits an offense while on probation, a point is assessed regardless of the type of conviction for which the probation was imposed. The trial court did not err by assessing defendant a prior record point for committing the offense while on probation.

[2] Defendant also argues the trial court erred by instructing the jury on flight. He contends the State failed to present any evidence of flight. We disagree.

"[A] trial court may not instruct a jury on defendant's flight unless 'there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged.' " *State v. Levan*, 326 N.C. 155, 164-65, 388 S.E.2d 429, 433-34 (1990) (quoting *State v. Irick*, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977)). The State presented evidence in the case tending to show the following: that after defendant shot the victim, his estranged wife told him she had called "911"; that when sirens were heard in the distance, Dean Fowler told defendant they should leave; and that defendant then got into a car and left the scene. This is sufficient evidence of flight to warrant the instruction. *See State v. Reeves*, 343 N.C. 111, 468 S.E.2d 53 (1996) (holding that evidence showing the defendant, after shooting the victim, ran from the scene, got into a car nearby, and drove away was sufficient evidence of flight). Defendant's argument is without merit.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges COZORT and SMITH concur.