STATE OF NORTH CAROLINA v. MICHAEL ANTHONY LEE

No. COA01-742

(Filed 18 June 2002)

**Sentencing— habitual felon—robbery with a dangerous weapon—prior record level**

The trial court erred in its sentencing of a defendant on his guilty pleas to robbery with a dangerous weapon and habitual felon status as a Class C, Level III offender instead of a Class C, Level II offender, because: (1) N.C.G.S. § 14-7.6 specifically provides that in determining a defendant's prior record level, convictions used to establish a person's status as an habitual felon shall not be used; and (2) by using the five felony convictions in the habitual felon indictment even though N.C.G.S. § 14-7.1 only requires three felony convictions, the State was precluded from using the same five convictions to increase defendant's prior record level points.

Appeal by defendant from judgment entered 4 December 1996 by Judge W. Steven Allen, Sr., in Guilford County Superior Court. Heard in the Court of Appeals 13 May 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Tracy C. Curtner, for the State.*

*Richard E. Jester for defendant-appellant.*

EAGLES, Chief Judge.

Michael Anthony Lee ("defendant") appeals from the trial court's judgment entered on his guilty pleas to robbery with a dangerous weapon and habitual felon status. Defendant does not challenge the validity of either of these two convictions. On appeal, defendant contends that he was incorrectly sentenced. After careful consideration of the record and briefs, we reverse and remand for resentencing.

On 12 June 1995, defendant, Greg Lee, and Donna Harrelson committed an armed robbery of the Wendover Texaco, Huffman Oil Company, located in Greensboro, North Carolina. Defendant was arrested on 30 August 1995. Defendant's case was set to be tried during the 4 December 1996 Criminal Session of Guilford County Superior Court, however, defendant pled guilty to robbery with a dangerous weapon and habitual felon status prior to trial.

After reviewing defendant's criminal record, the trial court determined that defendant had five prior record level points and was a Class C felon with a Prior Record Level III. Accordingly, the trial court correctly sentenced defendant under the Structured Sentencing Act, G.S. § 15A-1340.10 *et seq.* (applicable to all crimes committed after 1 October 1994), to seventy-five to ninety-nine months imprisonment and entered judgment. We note that the transcript reflects that the trial court "sentence[d] him in the presumptive range;" however, the judgment states that the "factors in mitigation outweigh the factors in aggravation and that a mitigated sentence is justified." On 24 May 2000, defendant filed a petition for writ of certiorari which this Court allowed.

Here, defendant contends that he "was incorrectly sentenced as a Class C, Level III[] offender, when his correctly calculated record shows only Class C, Level II." Specifically, defendant argues that his prior record level was established by using convictions necessary to adjudge him an habitual felon in violation of G.S. § 14-7.6. After careful review, we agree.

Pursuant to G.S. § 14-7.1, "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state

court in the United States or combination thereof is declared to be an habitual felon." Here, defendant's habitual felon indictment alleged that defendant was an habitual felon and that he "was convicted of *at least three (3)* consecutive felony offenses" including:

1) That on or about August 8, 1978, in the Superior Court of Guilford County, the defendant . . . was convicted of the *felonies of Breaking and Entering and Larceny* against the State of North Carolina with the commission date on or about November[]24, 1977. (77CRS065262)

2) That thereafter, on or about June 3, 1980, in the Superior Court of Guilford County, the defendant . . . was convicted of the *felony offenses of Breaking and Entering and Larceny* against the State of North Carolina with the commission date on or about December 12, 1970. (79CRS015522)

3) That thereafter, on or about August 14, 1987 in the Superior Court of Guilford County, the defendant . . . was convicted of the *felony offense of Larceny* against the State of North Carolina, with the commission date on or about November 20, 1986. (86CRS-36243)

(Emphasis added). Defendant's prior record level worksheet shows that defendant had previously been convicted of (1) breaking and entering on 8 August 1978 (Class H felony), (2) larceny on 8 August 1978 (Class H felony), (3) breaking and entering on 3 June 1980 (Class H felony), (4) larceny on 3 June 1980 (Class H felony), (5) larceny on 14 August 1987 (Class H felony), (6) attempted common law robbery on 8 August 1978 (Class H felony), and (7) misdemeanor larceny on 4 January 1977.

Even though G.S. § 14-7.1 only requires three felony convictions, the first five convictions above were listed on defendant's habitual felon indictment and were used to establish defendant's status as an habitual felon. G.S. § 14-7.6 specifically provides that in determining a defendant's prior record level, "convictions used to establish a person's status as an habitual felon shall *not* be used." (Emphasis added). G.S. § 14-7.6 "recognizes that there are two independent avenues by which a defendant's sentence may be increased based on the existence of prior convictions. A defendant's prior convictions will either serve to establish a defendant's status as an habitual felon pursuant to G.S. 14-7.1 or to increase a defendant's prior record level pursuant to G.S. 15A-1340.14(b)(1)-(5). G.S. 14-7.6 establishes clearly,

however, that the existence of prior convictions may not be used to increase a defendant's sentence pursuant to both provisions at the same time." *State v. Bethea*, 122 N.C. App. 623, 626, 471 S.E.2d 430, 432 (1996). By using the five felony convictions in the habitual felon indictment, the State was precluded from using the same five convictions to increase defendant's prior record level points pursuant to G.S. § 14-7.6.

Nevertheless, defendant's convictions for Attempted Common Law Robbery on 8 August 1978, Misdemeanor Larceny on 4 January 1977, and Larceny on 3 June 1980, which was also listed on the habitual felon indictment, were used to determine that defendant had five prior record level points. Each felony was worth two points and each misdemeanor was worth one point. *See* G.S. § 15A-1340.14.

We conclude that only defendant's convictions for attempted common law robbery on 8 August 1978 and misdemeanor larceny on 4 January 1977 should have been used to determine defendant's prior record level points. Since under the Structured Sentencing Act each felony was worth two points and each misdemeanor was worth one point, defendant should have been found to have three total prior record level points and Level II status.

In sum, a close review of the record reveals that the trial court used one conviction used to establish defendant's habitual felon status to enhance defendant's sentence in violation of G.S. § 14-7.6. Accordingly, we reverse and remand for resentencing.

We note that our legislature amended the sentencing charts in G.S. § 15A-1340.17 in 1995, and the amendment was applicable to all offenses committed on or after 1 December 1995. *See* 1995 N.C. Sess. Laws ch. 507, § 19.5. Since the crimes here were committed on 12 June 1995, we order the trial court on remand to sentence defendant under the version of G.S. § 15A-1340.17 in effect on that date.

Reversed and remanded.

Judges McGEE and TYSON concur.