**STATE v. MILLER**

[168 N.C. App. 572 (2005)]

———

STATE OF NORTH CAROLINA v. DAVID JEROD MILLER

No. COA04-429

(Filed 15 February 2005)

**1. Sentencing— habitual felon—cocaine possession—felony**

Defendant's habitual felon indictment listed three prior felony convictions and the trial court had jurisdiction to sentence defendant as an habitual felon where the indictment listed one conviction for attempted larceny and two for possession of cocaine. The North Carolina Supreme Court recently rejected the argument that possession of cocaine is not a felony because it is classed by statute with misdemeanor controlled substances offenses (but is punishable as a felony).

**2. Sentencing— prior record level—convictions used to establish habitual offender status**

The State incorrectly sought to prove defendant's prior record level by relying on two convictions that were also used to establish defendant's status as an habitual felon.

**3. Sentencing— credits for pre-trial incarceration—remanded**

Defendant's sentence was remanded where the State admitted that the trial court erred in determining the credits defendant may have earned for time spent in jail prior to judgment.

STATE v. MILLER

[168 N.C. App. 572 (2005)]

Appeal by defendant from amended judgment dated 14 November 2003 by Judge Charles H. Henry in Superior Court, Onslow County. Heard in the Court of Appeals 7 December 2004.

*Attorney General Roy Cooper, by Assistant Attorney General Marc X. Sneed, for the State.*

*Everett & Hite, L.L.P., by Stephen D. Kiess, for defendant-appellant.*

McGEE, Judge.

David Jerod Miller (defendant) was convicted of possession with the intent to manufacture, sell, and deliver cocaine; manufacturing a controlled substance; maintaining a vehicle for keeping and selling a controlled substance; and driving while his license was revoked. Defendant was also determined to be an habitual felon. The trial court consolidated defendant's convictions and sentenced defendant to 100 to 129 months in prison. Defendant appealed his convictions to this Court. In an unpublished opinion dated 21 October 2003, we reversed defendant's convictions for manufacturing a controlled substance, possession with intent to manufacture a controlled substance, and maintaining a vehicle for keeping and selling a controlled substance. We also remanded for resentencing.

At resentencing, defendant requested that the trial court set aside the habitual felon verdict. The trial court denied defendant's request and found that defendant was an habitual felon with a prior record level II. The trial court entered an amended judgment sentencing defendant to a term of 90 to 117 months in prison. Defendant appeals.

I.

[1] Defendant first assigns error to the trial court's sentencing defendant as an habitual felon. Defendant contends that the habitual felon indictment only alleged one prior felony offense and therefore the trial court lacked jurisdiction to sentence defendant as an habitual felon.

An habitual felon indictment must "set[] forth the three prior felony convictions relied on by the State[.]" *State v. Cheek*, 339 N.C. 725, 729, 453 S.E.2d 862, 865 (1995); *see also* N.C. Gen. Stat. § 14-7.3 (2003). Defendant's habitual felon indictment listed three previous convictions: one conviction for attempted larceny and two convictions for possession of cocaine. Defendant argues that possession of

cocaine is a misdemeanor, and consequently the habitual felon indictment listed only one previous felony conviction.

N.C. Gen. Stat. § 90-95(d)(2) (2003), states that any person who possesses "[a] controlled substance classified in Schedule II . . . shall be guilty of a Class 1 misdemeanor."[1] However, the statute further states: "If the controlled substance is . . . cocaine . . . , the violation shall be punishable as a Class I felony." N.C. Gen. Stat. § 90-95(d)(2). Defendant contends that his prior convictions for possession of cocaine are misdemeanor convictions, arguing that "[t]he fact that possession of cocaine is *punishable* as a Class I felony does not make it a felony."

Our Supreme Court recently rejected a similar argument in *State v. Jones*, 358 N.C. 473, 598 S.E.2d 125 (2004). In *Jones*, the defendant pled guilty to having attained habitual felon status. *Id.* at 474, 598 S.E.2d at 126. The defendant's habitual felon indictment listed three prior convictions, including one conviction for possession of cocaine. *Id.* at 474, 598 S.E.2d at 126. On appeal, the defendant argued that his habitual felon indictment was insufficient to allege habitual felon status because N.C. Gen. Stat. § 90-95(d)(2) classified possession of cocaine as a misdemeanor. *Id.* at 475, 598 S.E.2d at 126. Our Supreme Court rejected the defendant's argument and held that possession of cocaine is a felony, stating that: "The language of N.C.G.S. § 90-95(d)(2), the statute's legislative history, and the terminology used in other criminal statutes all indicate the General Assembly's intent to classify possession of cocaine as a felony offense." *Id.* at 476, 598 S.E.2d at 127.

Based on our Supreme Court's holding in *Jones*, we find that defendant's habitual felon indictment listed three prior felony convictions and hold that the trial court had jurisdiction to sentence defendant as an habitual felon. We overrule this assignment of error.

II.

[2] Defendant next assigns error to the trial court's determination of defendant's prior record level. In the amended judgment, the trial court found that defendant had four prior record points and a prior record level II.

When establishing a defendant's prior record level, the State bears the burden of proving a prior conviction by a preponderance of

---

1. Cocaine is a Schedule II controlled substance. N.C. Gen. Stat. § 90-90(1)(d) (2003).

the evidence. N.C. Gen. Stat. § 15A-1340.14(f) (2003). Prior convictions may be proven by any one of the following methods:

(1) Stipulation of the parties.

(2) An original or copy of the court record of the prior conviction.

(3) A copy of records maintained by the Division of Criminal Information, the Division of Motor Vehicles, or of the Administrative Office of the Courts.

(4) Any other method found by the court to be reliable.

*Id.*

The State did not present any evidence at defendant's resentencing hearing. Defendant argues that this failure to present any evidence precludes the State from meeting its burden of proving defendant's prior convictions. The State contends that defendant stipulated to a prior record level II since defendant admitted in open court at the resentencing hearing that he had two prior convictions for possession of cocaine:

> [ATTORNEY FOR DEFENDANT]: Your Honor, . . . we're asking the [trial court] to modify the sentence in the mitigated range, based on the fact that . . . two of [defendant's] prior convictions, Your Honor, are possession of cocaine, and Court of Appeals law . . . indicates that possession of cocaine is a misdemeanor punishable as a felony, and therefore, should not be considered . . . for the purpose of sentencing for habitual status[.]
>
> . . . .
>
> Basically, we would ask the Court to consider . . . setting aside the habitual status, based on the law we know exists from the Court of Appeals in another case.

The State argues that this is the equivalent of a stipulation to a prior record level II. *See* N.C. Gen. Stat. § 90-95(d)(2) (possession of cocaine is a Class I felony); N.C. Gen. Stat. § 15A-1340.14(b)(4) (2003) (two prior record level points are assigned to each Class I felony conviction); N.C. Gen. Stat. § 15A-1340.14(c)(2) (2003) (a defendant with four prior record level points acquires a prior record level II).

Prior convictions used to establish a defendant's habitual felon status may not also be used to determine a defendant's prior record level. N.C. Gen. Stat. § 14-7.6 (2003); *see also State v. Lee,* 150 N.C.

App. 701, 703-04, 564 S.E.2d 597, 598, *disc. review denied,* 356 N.C. 171, 568 S.E.2d 856 (2002). In *Lee,* the defendant's habitual felon indictment listed five prior felony convictions. *Lee,* 150 N.C. App. at 703, 564 S.E.2d at 598. The trial court determined that the defendant had a prior record level III, relying in part on the same five prior felony convictions. *Id.* at 702-03, 564 S.E.2d at 597-98. Even though the habitual felon statute only required an habitual felon indictment to list three prior felony convictions, we held that none of the felonies listed on the habitual felon indictment could simultaneously be used to prove the defendant's prior record level. *Id.* at 703-04, 564 S.E.2d at 598-99; *see also State v. Bethea,* 122 N.C. App. 623, 626, 471 S.E.2d 430, 432 (1996) ("A defendant's prior convictions will either serve to establish a defendant's status as an habitual felon . . . or to increase a defendant's prior record level . . . . [T]he existence of prior convictions may not be used to increase a defendant's sentence pursuant to both provisions at the same time.").

In the case before us, the State incorrectly sought to prove defendant's prior record level by relying on two convictions that were also used to establish defendant's status as an habitual felon. We therefore hold that defendant's admission that he had two prior convictions for possession of cocaine is not sufficient to prove that he had a prior record level II. Since the State has failed to present any other evidence regarding defendant's prior record, we must remand for resentencing.

### III.

**[3]** Defendant argues in his final assignment of error that the trial court erred in failing to credit defendant with time spent in jail prior to judgment. N.C. Gen. Stat. § 15-196.4 (2003) provides that "[u]pon sentencing or activating a sentence, the judge presiding *shall* determine the credits to which the defendant is entitled [.]" (emphasis added). In this case, the trial court only credited defendant with fifteen days. However, defendant was confined from (1) the date of his arrest on 3 November 2001, until his release on 17 November 2001, and (2) from 15 May 2002, until the date judgment was entered on 14 November 2003. As a result, defendant argues that he is entitled to a total credit of 563 days, or an additional 548 days of credit. The State admits that the trial court erred in failing to make a determination regarding any credits defendant may have earned, and requests that we remand the issue to the trial court. Therefore, we remand this issue to the trial court to make a determination regarding the credits to which defendant is entitled.

GASTON CTY. EX REL. MILLER v. MILLER

[168 N.C. App. 577 (2005)]

Affirmed; remanded for resentencing and a determination of earned credits.

Judges WYNN and TYSON concur.