An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1201
NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

v.                                      Mecklenburg County
                                        Nos. 12 CRS 27326, 211387
CHRISTOPHER JEROME DAVIS


Appeal by Defendant from judgment entered 30 April 2013 by Judge Nathaniel J. Poovey in Mecklenburg County Superior Court. Heard in the Court of Appeals 23 June 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Carole Biggers, for the State.*
>
> *Guy J. Loranger for Defendant.*


STEPHENS, Judge.


Defendant appeals from the judgment entered upon his convictions for felony possession of cocaine and having attained habitual felon status. Defendant contends the trial court erred in calculating his prior record level. We agree. Accordingly, we reverse the judgment and remand the matter for a new sentencing hearing.

On 30 April 2013, a jury found Defendant guilty of both charges. At sentencing, Defendant stipulated to the contents of the State's prior record level worksheet, and the trial court found Defendant had fourteen prior record level points, resulting in a prior record level of V. Thirteen points were assigned for the prior offenses listed on the worksheet, and one point was added because the elements of the current possession offense were included in a prior offense. The court sentenced Defendant to a presumptive-range term of 40 to 60 months imprisonment, based on his habitual felon status and prior record level.

Defendant's sole argument on appeal is that the trial court erred by relying upon the three felonies used to establish his habitual felon status to support its prior record level finding. The State concedes the trial court erred, and we agree.

"For purposes of sentencing, a trial court must (1) ascertain the type and number of the defendant's prior convictions, (2) calculate the sum of the points assigned for each conviction, and (3) based upon the defendant's total points, determine the defendant's prior record level." *State v. Powell*, __ N.C. App. __, __, 732 S.E.2d 491, 493 (2012) (citation omitted). The State bears the burden of proving a

defendant's prior convictions by a preponderance of the evidence. N.C. Gen. Stat. § 15A-1340.14(f) (2013). Convictions used to establish a defendant's habitual felon status may not also be used in the calculation of his prior record level. *State v. Miller*, 168 N.C. App. 572, 575, 608 S.E.2d 565, 567 (2005); N.C. Gen. Stat. § 14-7.6 (2013).

In this case, Defendant stipulated to the accuracy of the State's prior record level worksheet, and the trial court relied upon that stipulation to support its calculation of Defendant's prior record level. As Defendant correctly observes, however, three of the offenses listed on his prior record level worksheet were also used to establish his habitual felon status: convictions for possession with intent to sell or deliver cocaine in cases 96 CRS 53790 and 01 CRS 163533, and a conviction for possession of cocaine in case 93 CRS 12327.[1]

The remaining felonies listed on the prior record level worksheet are insufficient to support the court's prior record level calculation. The worksheet lists two class G felonies,

---

[1] We note that the prior record level worksheet lists the date of conviction for felony possession of cocaine in case 93 CRS 12327 as 30 October 1995, but the judgment in that case and the habitual felon indictment in the instant case each list the conviction date as 22 April 1993. A copy of the judgment was introduced into evidence during the habitual felon phase of the trial in this case.

each worth four prior record level points; one class H felony, worth two points; and one class 1 misdemeanor, worth one point. *See* N.C. Gen. Stat. § 15A-1340.14(a)(3)-(5). The worksheet also contains a finding that all of the elements of the present possession offense were included in a prior offense, which is worth one point. N.C. Gen. Stat. § 15A-1340.14(a)(6). Thus, the worksheet to which Defendant stipulated supported a finding of a total of twelve prior record level points for habitual felon sentencing purposes, which in turn is sufficient to support only a prior record level of IV rather than V. *See* N.C. Gen. Stat. § 15A-1340.14(c).

Under his proper prior record level as an habitual felon, Defendant's permissible range of minimum terms was 30 to 38 months, two months shorter than the 40-month minimum the trial court imposed. N.C. Gen. Stat. § 15A-1340.17(c) (2013). Accordingly, we reverse the judgment and remand for resentencing.

REVERSED and REMANDED.

Judges HUNTER, ROBERT C., and ERVIN concur.

Report per Rule 30(e).