An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-700

Filed 18 March 2026

Wake County, Nos. 22CR264958-910, 22CR264961-910,22CR002678-910

STATE OF NORTH CAROLINA

v.

MARK ANTHONY STANFORD, Defendant.

Appeal by Defendant from order entered 18 September 2024 by Judge Rebecca W. Holt in Wake County Superior Court. Heard in the Court of Appeals 27 January 2026.

> *Tin Fulton Walker & Owen, PLLC, by Attorney Vernetta Alston, for defendant-appellant.*

> *Attorney General Jeff Jackson, by Special Deputy Attorney General T. Hill Davis, III, for the state.*

STADING, Judge.

Mark Anthony Stanford ("Defendant") appeals from an order sentencing him in the presumptive range to a term of 105 to 138 months' imprisonment. Specifically, Defendant maintains the trial court erred in his sentencing on the grounds that it impermissibly used his convictions for habitual felon status to elevate his prior record level. After careful review, we hold the trial court did not err.

## I. Background

Evidence tends to show that on 10 August 2022, law enforcement officers with the Raleigh Police Department encountered Defendant during a routine patrol at an apartment complex in Raleigh. Officer Alonso noticed a vehicle with one occupant and Defendant leaning on the outside of the vehicle. Officer Alonso observed Defendant "discarding something that's in his hand, which is consistent . . . with a hand-to-hand drug transaction." Officer Alonso and Officer Bachman approached the vehicle.

As they approached the vehicle, Officer Alonso noticed the vehicle's occupant "frantically trying to hide something on the floorboard" while Defendant walked away. Officer Bachman remained with the vehicle's occupant. Officer Alonso gave commands for Defendant to stop, but he continued to flee while "reaching towards his waistband," drawing a firearm, and rounding a corner of the apartment complex. Officer Alonso drew his firearm in response and proceeded after Defendant. While still refusing Officer Alonso's commands to stop, Defendant "made that last right turn out of [his] view" and subsequently he heard "a metal object hitting concrete." Officer Bachman flanked Defendant and apprehended him on the other side of the apartment complex in a parking lot. After Defendant was secured, the officers located the firearm in the location Officer Alonso heard it discarded.

On 22 September 2022 the Wake County Grand Jury returned a true bill of indictment charging Defendant for possession of a firearm by felon, carrying

concealed weapon, and resisting a public officer. On 10 January 2023 the Wake County Grand Jury returned a true bill of indictment charging Defendant with attaining habitual felon status. Defendant's trial commenced on 18 September 2024, and the jury found him guilty of all charges. Defendant pleaded guilty to having attained habitual felon status. At sentencing, accounting for Defendant's habitual felon status, the trial court found Defendant was a prior record level ("PRL") IV for felony sentencing. The trial court accordingly sentenced Defendant to an active term of 105 to 138 months' imprisonment. Defendant appealed.

## II.    Analysis

On appeal, Defendant argues the trial court erred in the calculation of his PRL. For the reasons below, we disagree.

"The determination of an offender's prior record level is a conclusion of law that is subject to de novo review on appeal." *State v. Bohle*r, 198 N.C. App. 631, 633, 681 S.E.2d 801, 804 (2009) (citation omitted). "It is not necessary that an objection be lodged at the sentencing hearing in order for a claim that the record evidence does not support the trial court's determination of a defendant's prior record level to be preserved for appellate review." *Id.* (citation omitted). "Before sentencing a criminal defendant, the trial court must first determine the defendant's prior record level." *State v. Weldon*, 258 N.C. App. 150, 160, 811 S.E.2d 683, 691 (2018) (citing N.C. Gen. Stat. § 15A-1340.13(b) (2016)). "The prior record level of a felony offender is

determined by calculating the sum of the points assigned to each of the offender's prior convictions[.]"  N.C. Gen. Stat. § 15A-1340.14(a) (2025).

Under N.C. Gen. Stat. § 15A-1340.14, in relevant part, points are assigned as follows:

> . . .
>
> (3) For each prior felony Class E, F, or G conviction, 4 points.
>
> (4) For each prior felony Class H or I conviction, 2 points.
>
> (5) For each prior misdemeanor conviction as defined in this subsection, 1 point. For purposes of this subsection, misdemeanor is defined as any Class A1 and Class 1 nontraffic misdemeanor offense, impaired driving (G.S. 20-138.1), impaired driving in a commercial vehicle (G.S. 20-138.2), and misdemeanor death by vehicle (G.S. 20-141.4(a2)), but not any other misdemeanor traffic offense under Chapter 20 of the General Statutes.
>
> (6) If all the elements of the present offense are included in any prior offense for which the offender was convicted, whether or not the prior offense or offenses were used in determining prior record level, 1 point.

Also, "[u]nder the provisions of N.C. Gen. Stat. § 15A-1340.14(f) a prior conviction may be established by stipulation. The existence of the conviction is an issue of fact. Defendant is bound on appeal by any stipulation as to the existence of a conviction." *State v. Fair*, 205 N.C. App. 315, 318, 685 S.E.2d 514, 516 (2010) (cleaned up).

The felony convictions underlying Defendant's habitual felon indictment were: (1) attempted common law robbery, conviction date of 16 June 2005; (2) felony possession of marijuana, conviction date of 17 March 2015; (3) and possession of a stolen firearm, conviction date of 26 June 2019. Defendant posits the trial court impermissibly counted those three felonies when calculating his PRL, and therefore, his PRL should be nine points rather than thirteen. Defendant thus argues his PRL was III, not IV. While Defendant is correct that under N.C. Gen. Stat. § 14-7.6 (2025), double counting prior convictions violates the protections against double jeopardy, a careful review of the record shows the trial court's calculations were correct.

Although Defendant's stipulated prior record level worksheet in the record contains illegible portions and omissions as indicated below by question marks, the record shows the following calculation is appropriate:

| Offense | Case No. | Conviction Date | Class | Offense Points | Points Allowed |
|---|---|---|---|---|---|
| Possession Stolen Goods | 04CR21488 | 15-Apr-04 | Misd 1 | 1 | 1 |
| Possession Drug Paraphernalia | 04CR57621 | 1-Oct-04 | Misd 1 | 1 | 1 |
| Resist Public Officer | 04CR61563 | 20-May-04 | Misd 2 | 0 | 0 |
| Att. Common Law Robbery | 05CRS? | 16-Jun-05 | Fel H | 2 | 0 |
| ? | ? | ? | ? | - | - |
| PDP | 07CR35698 | 12-Jun-07 | Misd 1 | 1 | 1 |
| AOF | 09CR35698 | 12-Mar-10 | Misd 1 | 1 | 1 |
| Resist Public Officer | ? | ? | Misd 2 | 0 | 0 |
| Driving While Impaired | 11CR224143 | 18-Jul-12 | Misd 1 | 1 | 1 |
| Resist Public Officer | 13CR222690 | 7-Nov-17 | Misd 2 | 0 | 0 |
| Possession of Marijuana (F) | 15CRS206223 | 15-May-15 | Fel I | 2 | 0 |
| Resist Public Officer | 17CR216321 | 7-Nov-17 | Misd 2 | 0 | 0 |

| Possession Firearm by Felon | 18CRS514311 | 26-Jun-19 | Fel G | 4 | 4 |
|---|---|---|---|---|---|
| Possession Stolen Firearm | 18CRS214313 | 26-Jun-19 | Fel H | 2 | 0 |
| Alter Serial Number Firearm | ? | ? | Fel H | 2 | - |
| Communicating Threats | 19CR200056 | 15-Nov-21 | Misd 1 | 1 | 1 |
| Affray | 04CR53895 | 20-Dec-04 | Misd 2 | 0 | 0 |
| Resist Public Officer | 05CR33560 | 2-Jun-05 | Misd 2 | 0 | 0 |
| Interfere Emeregency Comm. | 07CR17670 | 2-Apr-07 | Misd 1 | 1 | 1 |
| Injury to Personal Property | ? | ? | Misd 1 | - | - |
| Assault on Female | 17CR214608 | 7-Nov-17 | Misd 1 | 1 | 1 |
| Point for Same Elements | | | | 1 | 1 |
| TOTAL | | | | 21 | 13 |

Defendant relies on *State v. Lee*, 150 N.C. App. 701, 564 S.E.2d 592 (2002) in support of his position. In *Lee*, the defendant was improperly sentenced as a PRL III when his PRL should have been II after adjusting for the felonies used to support his status as an habitual felon. *Id.* at 704, 564 S.E.2d at 598–99. This Court reasoned that although N.C. Gen. Stat. § 14-7.1 only requires three prior felony convictions to support the status of habitual felon, the defendant's habitual felon indictment listed five felonies and thus, "the State was precluded from using the same five convictions to increase" the defendant's PRL. *Id.* at 703–04, 564 S.E.2d at 598. In reversing and remanding the defendant's sentence, this Court ordered none of those five felonies used to support habitual felon status may also be used to increase the defendant's PRL. *Id.* at 704, 564 S.E.2d at 599. Unlike *Lee*, our de novo review reveals none of the felonies used in Defendant's habitual status indictment entered his PRL calculus.

As discussed and illustrated above, Defendant's habitual felon indictment listed three felonies to support his status: attempted common law robbery, possession of a controlled substance, and possession of a stolen firearm. These felonies are worth six points. Defendant's stipulated prior conviction worksheet, before accounting for the felonies in the habitual felon indictment, contained eight misdemeanors, each worth one point, and four felonies between class G and I worth ten points. Defendant does not contest the inclusion of his prior misdemeanor convictions in his PRL and those convictions were not used to support his status as an habitual felon. The remaining convictions, the four felonies, were properly allocated.

The record shows Defendant has a class G felony conviction from June 2019 which was not included in the habitual felon indictment. Notably, and different from *Lee*, Defendant was convicted of two felonies in the same calendar week in June 2019—possession of a firearm by a felon, the class G felony, and possession of a stolen firearm, a class H felony. The class H felony supported Defendant's habitual felon indictment and the class G felony supported Defendant's PRL, an allocation not contrary to the mandate of N.C. Gen. Stat. §§ 14-7.6 and 15A-1340.14(d). *State v. Truesdale*, 123 N.C. App. 639, 642, 473 S.E.2d 670, 672 (1996) ("[W]e find nothing in these statutes to prohibit the court from using one conviction obtained in a single calendar week to establish habitual felon status and using another *separate* conviction obtained the same week to determine prior record level."). Since these

felonies were properly aggregated, we find no error in the trial court's sentencing Defendant a PRL IV.

## III.      Conclusion

For the above reasons, we find no error in the trial court's sentencing of Defendant.

NO ERROR.

Judges STROUD and FREEMAN concur.

Report per Rule 30(e).