STATE OF NORTH CAROLINA v. LEE MARVIN HAISLIP

No. 852SC1059

(Filed 4 March 1986)

**Automobiles and Other Vehicles § 130.1 — DWI — second offense — aggravating factor — properly considered**

The trial court did not err when sentencing defendant for driving while impaired by considering a prior DUI conviction as a grossly aggravating factor under N.C.G.S. 20-179(c) where defendant did not meet his statutory burden of proving that he was indigent or that he did not waive counsel at the time of the prior conviction in that a statement by defendant's counsel was not evidence of indigency and the lack of a written waiver in the court file of the prior conviction was not alone sufficient to prove that defendant did not waive counsel. N.C.G.S. 15A-1334(b).

APPEAL by defendant from *Watts, Judge.* Judgment entered 1 May 1985 in Superior Court, MARTIN County. Heard in the Court of Appeals 11 February 1986.

*Attorney General Lacy H. Thornburg by Assistant Attorney General David Roy Blackwell for the State.*

*Thomas B. Brandon III for defendant appellant.*

COZORT, Judge.

Defendant appeals the trial court's imposition of Level Two punishment, upon his conviction of driving while impaired, pursuant to G.S. 20-179(c) and (h). We affirm.

On 1 May 1985 defendant was convicted of driving while impaired in violation of G.S. 20-138.1. Pursuant to G.S. 20-179(o), the State presented evidence showing the defendant pled guilty to driving under the influence (hereinafter "D.U.I.") on 23 November 1981, in the district court in Martin County. At trial defendant's attorney elicited from the defendant that when he pled guilty to D.U.I., he was not represented by counsel. On appeal the parties have stipulated that the court file of the defendant's 23 November 1981 D.U.I. conviction record does not contain a written waiver of counsel form executed by the defendant. At the sentencing hearing defendant's attorney stated to the court that at the time of defendant's 1981 D.U.I. conviction defendant was indigent. Judge Watt found as a grossly aggravating factor under G.S. 20-179(c) the defendant's prior D.U.I. conviction and imposed Level Two punishment pursuant to G.S. 20-179(h).

On appeal defendant argues that "the trial court committed reversible error in finding a grossly aggravating factor present based upon the defendant's prior conviction for D.U.I. when the record indicates that the defendant pled guilty to his first and only prior D.U.I. when he had been indigent, not represented by counsel, and had not waived his right to court appointed counsel."

G.S. 20-179(o) governs the use of prior convictions to aggravate punishment under the Safe Roads Act of 1983. The statute provides:

> Evidentiary Standards; Proof of Prior Convictions.—In the sentencing hearing, the State must prove any grossly aggravating or aggravating factor by the greater weight of the evidence, and the defendant must prove any mitigating factor by the greater weight of the evidence. Evidence adduced by either party at trial may be utilized in the sentencing hearing. Except as modified by this section, the procedure in G.S. 15A-1334(b) governs. The judge may accept any evidence as to the presence or absence of previous convictions that he finds reliable but he must give prima facie effect to convic-

tions recorded by the Division or any other agency of the State of North Carolina. A copy of such conviction records transmitted by the police information network in general accordance with the procedure authorized by G.S. 20-26(b) is admissible in evidence without further authentication. If the judge decides to impose an active sentence of imprisonment that would not have been imposed but for a prior conviction of an offense, the judge must afford the defendant an opportunity to introduce evidence that the prior conviction had been obtained in a case in which *he was indigent, had no counsel, and had not waived his right to counsel. If the defendant proves by the preponderance of the evidence all three above facts concerning the prior case, that conviction may not be used as the basis for imposing an active sentence of imprisonment.* [Emphasis added.]

Under this statute once the State has proven by the greater weight of the evidence a prior D.U.I. conviction, defendant has the burden of proving by the preponderance of the evidence that in the case of the prior conviction (1) he was indigent; (2) he had no counsel; and (3) he had not waived counsel. If defendant meets his burden on *all* three facts, then the prior conviction may not be used as a basis for imposing an active sentence. Evidence adduced by either party at trial may be used at the sentencing hearing, G.S. 20-179(o), and the formal rules of evidence do not apply. G.S. 15A-1334(b).

Defendant argues that the trial court erred in using his prior D.U.I. conviction as a basis for imposing Level Two punishment because there was evidence that defendant was indigent, had no counsel, and had not waived his right to counsel. Upon reviewing the record, we find no evidence that defendant was indigent or that he did not waive counsel. While the formal rules of evidence do not apply at a sentencing hearing, the statement by defendant's counsel that defendant was indigent at the time of his 1981 D.U.I. conviction is not evidence. *State v. Albert*, 312 N.C. 567, 579, 324 S.E. 2d 233, 240-41 (1985). Defendant did not meet his statutory burden of proving that he was indigent.

Nor did defendant meet his statutory burden of proving that he did not waive counsel. While the State stipulated that the file of the prior conviction contains no written waiver of counsel, the

State did not stipulate that defendant did not waive counsel. It does not appear from the record that this stipulation was presented to the trial judge though it appears from the record that the trial judge reviewed the file. Defendant offered no other evidence that he did not waive counsel. In any event, we hold the fact that the court file of a prior conviction contains no written waiver of counsel, standing alone, is not sufficient to satisfy defendant's burden of proving he did not waive counsel. Here defendant could have filed a motion to suppress evidence of the prior conviction pursuant to G.S. 15A-980 and testified on voir dire as to his indigency and that he did not waive counsel. This he did not do.

The judgment of the trial court is

Affirmed.

Judges WELLS and WHICHARD concur.