STATE OF NORTH CAROLINA v. KENNETH EMORY HARGROVE

No. 9018SC846

(Filed 1 October 1991)

1. **Homicide § 28.1 (NCI4th)— manslaughter—self-defense instruction not given—no error**

    Defendant was not entitled to a self-defense instruction in a manslaughter prosecution under facts that involved defendant going out to a parked vehicle and returning with a crowbar. There was no evidence on which the jury could have found the defendant's actions necessary to protect himself nor reasonable under the circumstances.

    **Am Jur 2d, Homicide §§ 480, 519.**

2. **Criminal Law § 86.2 (NCI3d)— homicide—impeachment of defendant—prior convictions—admissible**

    There was no error in a manslaughter prosecution from the admission of prior larceny convictions to impeach defendant where defendant contended that these convictions were obtained in violation of his right to counsel. Defendant failed to carry his burden to show by a preponderance of the evidence that he had not waived his right to counsel. N.C.G.S. § 15A-980.

    **Am Jur 2d, Homicide § 540.**

3. **Criminal Law § 1188 (NCI4th)— manslaughter—sentencing—prior convictions—findings as to indigency**

    There was evidence to support the findings of the trial court concerning prior convictions when sentencing defendant for manslaughter where defendant contended that, when he was previously convicted in 1971 and 1977, the trial court incorrectly found that defendant was not indigent and chose not to retain private counsel. The decision to use the defendant's prior convictions as statutory factors to aggravate his sentence was not in error.

Am Jur 2d, Habitual Criminals and Subsequent Offenders
§ 9.

What constitutes former "conviction" within statute en-
hancing penalty for second or subsequent offense. 5 ALR2d 1080.

4. Criminal Law § 1114 (NCI4th) — manslaughter — sentencing —
lack of remorse

There was sufficient evidence to support the nonstatutory
aggravating circumstance of lack of remorse when sentencing
defendant for manslaughter where the State introduced evidence
that, after the defendant had beaten his father, he visited
a local bar, drank a beer and was gone for at least an hour
before returning home and that he told an officer four hours
after the beating that his father had gotten what he deserved.

Am Jur 2d, Homicide § 554.

APPEAL by defendant from judgment entered 9 March 1990
in GUILFORD County Superior Court by *Judge Melzer A. Morgan,
Jr.* Heard in the Court of Appeals 20 March 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney
General Sylvia Thibaut, for the State.*

*Malcolm Ray Hunter, Appellate Defender, by Assistant Teresa
A. McHugh, for defendant-appellant.*

WYNN, Judge.

From a judgment imposing an eighteen-year sentence following
the defendant's conviction of voluntary manslaughter, defendant
appeals. For the reasons that follow we find no reversible error
and affirm the trial court's decision.

I

At trial, the evidence produced by the State tended to establish
that in the early evening of May 3, 1989, the defendant, Kenneth
Emory Hargrove, returned to his home where he lived with his
father, Martin Hargrove. The defendant asked his father for money;
after refusing to give his son money, an altercation ensued between
the father and son during which the defendant obtained a crowbar
from a truck parked near the home and returned inside where
he beat his father with the crowbar causing his death from injuries
to his brain due to multiple blunt force trauma.

The defendant testified in conflict to the State's evidence that before the altercation occurred, he thought his father was "going to get his gun" so the defendant picked up the crowbar from a table in the room where his father sat and beat his father in self-defense. The defendant entered a plea of not guilty to the murder charge and was convicted of voluntary manslaughter and sentenced to eighteen years imprisonment. From his conviction and sentence, he appeals.

II

[1] The defendant first assigns error to the trial judge's instruction that if the jury found "the defendant went outside and returned with the crowbar and struck his father with the crowbar, then any fear the defendant had of imminent death or imminent great bodily harm from his father would not be reasonable."

In *State v. Wallace*, 309 N.C. 141, 305 S.E.2d 548 (1983), the North Carolina Supreme Court set forth the threshold inquiries for determining whether a defendant is entitled to a self-defense instruction. There, the Court held that two questions must be answered in the affirmative:

(1) is there evidence that the defendant in fact formed a belief that it was necessary to kill his adversary in order to protect himself from death or great bodily harm, and

(2) if so was that belief that it was necessary to kill his adversary in order to protect himself reasonable?

*Id.* at 148, 305 S.E.2d at 553.

In short, a defendant is only "entitled to an instruction on self-defense if there is any evidence in the record that it was necessary, or reasonably appeared to be necessary, to kill in order to protect himself from death or great bodily harm." *State v. Spaulding*, 298 N.C. 149, 156, 257 S.E.2d 391, 395 (1979) (citing *State v. Johnson*, 166 N.C. 392, 81 S.E.2d 450 (1914)).

In the case at hand, to be sure, there was evidence presented by the defendant that his father was a violent man; his father shot and killed his mother and shot his brother some years earlier and that his father had threatened, on more than one occasion, to shoot the defendant. However, under the set of facts that involved the defendant going out to a parked vehicle and returning with a crowbar, there was no evidence on which the jury could

STATE v. HARGROVE

[104 N.C. App. 194 (1991)]

have found the defendant's actions were necessary to protect himself nor were his actions reasonable under the circumstances. Therefore, defendant was not entitled to a self-defense instruction under these facts.

## III

The defendant next assigns error to the use of four prior convictions: a 1971 malicious damage to property charge, a 1977 assault with a deadly weapon (inflicting injury) charge, a 1984 miscellaneous larceny charge, and a 1989 concealing merchandise charge.

These convictions arose during two distinct phases of the trial. The 1984 and 1989 convictions were introduced in the case in chief, on cross-examination, to impeach the defendant. The defendant appeared without the benefit of counsel in both convictions because he executed a waiver of counsel. Finally, during the sentencing phase of the trial, his convictions were found to be statutory factors in aggravation and were used to enhance the defendant's sentence.

Because this appeal confronts separate uses of the same convictions, it is necessary to discuss each use individually.

### Use of the Convictions in the Case in Chief

[2] On cross-examination of the defendant, the State used defendant's 1984 and 1989 larceny convictions for impeachment purposes. N.C.R. Evid. 602 allows a prior conviction to be introduced for impeachment purposes, if the conviction was punishable by confinement of more than 60 days. The defendant contends that these convictions were obtained in violation of his right to counsel and as such should have been suppressed. Earlier the defendant moved to have the convictions suppressed, and the trial court held that they were admissible because, in both instances, the defendant had executed a waiver of counsel.

N.C. Gen. Stat. § 15A-980 (1988) controls when a defendant has the right to suppress the use of a prior uncounseled conviction obtained in violation of the defendant's right to counsel. It states that:

A defendant has the right to suppress the use of a prior uncounseled conviction that was obtained in violation of his right to counsel if its use by the State is to impeach the defendant or its use will: (1) increase the degree of crime of which the defendant would be guilty; or (2) result in a sentence of im-

prisonment that otherwise would not be imposed; or (3) result in a lengthened sentence of imprisonment.

*Id.*

When a defendant makes a motion to suppress the use of a prior conviction, the burden is on the defendant to prove by the preponderance of the evidence that the conviction was obtained in violation of his right to counsel. To prevail on a motion to suppress, he must prove " 'that at the time of the conviction he was indigent, had no counsel, and had not waived his right to counsel.' " *State v. Brown*, 87 N.C. App. 13, 22, 359 S.E.2d 265, 270 (1987) (citing *State v. Haislip*, 79 N.C. App. 656, 658, 339 S.E.2d 832, 834 (1986) ). The defendant must meet his burden on all three facts.

Furthermore, where the defendant proceeds on a waiver of counsel, N.C. Gen. Stat. § 15A-1242 requires a thorough examination of the waiver. The requirements are set out below:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242 (1988).

In *State v. Warren*, 82 N.C. App. 84, 345 S.E.2d 437 (1986), this Court held that, "When a defendant executes a written waiver which is in turn certified by the trial court, the waiver of counsel will be presumed to have been knowing, intelligent, and voluntary . . . ." *Id.* at 89, 345 S.E.2d at 441.

In the case at hand, the trial court found in both the 1984 and 1989 convictions, "The defendant can read. The defendant is competent and literate." The trial court found that the defendant had executed a "knowing and voluntary" waiver of his right to counsel in both of the prior convictions in question. Moreover,

each conviction was accompanied by the aforementioned certification which indicated that the district court judge complied with the mandates of § 15A-1242.

We conclude that the defendant failed to carry his burden, to show by a preponderance of the evidence, as required by § 15A-980, that he show "he had not waived his right to counsel." The trial court properly allowed the 1984 and 1989 convictions to be admitted into evidence.

## Use of the Convictions at Sentencing

[3] Regarding the use of the defendant's convictions during the sentencing phase of the trial, the judge found that each conviction was an aggravating factor sufficient to support enhancement of the defendant's sentence. The defendant contends that this finding was in error because, when defendant was convicted in 1971 and 1977, the trial court incorrectly found that the defendant was not indigent and chose not to retain private counsel. N.C. Gen. Stat. § 15A-980 controls these convictions. Again, the defendant had the burden of showing that (1) he was not indigent, (2) he had no counsel and (3) he had not waived his right to counsel.

The defendant introduced evidence that he was not employed at the time of arrest. However, the defendant testified that at the time of conviction and sentencing on March 9, 1972, he was paid about six dollars an hour; worked forty hours a week; and had expenses of $75.00 to $100.00 a week. Additionally, he testified that at the time of the 1977 conviction, he was earning about $217.00 a week "when he worked." The defendant also testified that he could not afford an attorney and never inquired into the cost of private representation.

"Our scope of review on an order for a motion to suppress is limited to 'determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law.'" *Brown*, 87 N.C. App. at 23, 359 S.E.2d at 270. After a careful review of the record, there was evidence to support the findings of the trial court and as such the decision to use the defendant's prior convictions as statutory factors to aggravate his sentence was not in error.

IV

[4] Finally, the defendant assigns error to the trial judge's finding as a nonstatutory factor in aggravation that the defendant lacked remorse.

Our Supreme Court has recognized the propriety of finding as a nonstatutory factor in aggravation the lack of remorse on the part of the defendant. *See State v. Parker*, 315 N.C. 249, 337 S.E.2d 497 (1985). The State has the burden of proving the existence of a nonstatutory aggravating factor by a preponderance of the evidence. The State must also show that it is reasonably related to the purposes of sentencing. N.C. Gen. Stat. § 15A-1340.4(a) (1988); *State v. Turner*, 103 N.C. App. 331, 406 S.E.2d 147 (1991) (citing *State v. Canty*, 321 N.C. 520, 364 S.E.2d 410 (1988)). Moreover, regarding this particular nonstatutory factor, in *State v. Parker*, 315 N.C. 249, 257, 337 S.E.2d 497, 502 (1985), the Supreme Court stated:

> Almost always remorse occurs, if at all, sometime after the commission when defendant has had an opportunity to reflect on his criminal deed. If after such time for reflection remorse does not come, and there is evidence of this fact, then lack of remorse properly may be found by the sentencing judge as an aggravating circumstance.

*Id.*

In the case at hand, the State introduced evidence that after the defendant beat his father, he visited a local bar, drank a beer and was gone for at least an hour before returning home. Even more telling is the fact that at the police station, four hours after beating his father, the defendant told an officer that his father "got what he deserved." We find that this evidence was enough to support the aggravating circumstance of lack of remorse found by the trial court.

V

For the foregoing reasons, we find no error in the trial and sentencing of the defendant.

No error.

Judges ARNOLD and JOHNSON concur.