STATE OF NORTH CAROLINA v. CHRISTOPHER DALE BOWERS

No. COA00—1081

(Filed 18 September 2001)

### 1. Appeal and Error— preservation of issues—failure to argue

A defendant convicted both of taking indecent liberties with a child and aiding and abetting taking indecent liberties with a child abandoned his assignment of error to the indecent liberties conviction by failing to argue that the trial court erred in denying his motion to dismiss that charge.

**2. Aiding and Abetting— indecent liberties—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss a charge of aiding and abetting taking indecent liberties with a child where defendant accompanied Christopher Smith to purchase alcohol for two sisters; the group later went to a secluded beach where Smith and the sisters drank the alcohol; defendant (age 25) and the older sister (age 14) had intercourse outside the car while Smith (age 23) had intercourse with the younger sister (13) inside the car; defendant had every reason to be aware of what was happening inside the car, but assured the younger sister that "it was nothing"; when the older child heard her sister crying, defendant went to the car and turned up the radio; and, when the older sister attempted to help her sister, defendant restrained her.

**3. Appeal and Error— preservation of issues—no objection at trial—plain error not contended in assignment of error**

A defendant's contention that the trial court erred in its handling of questions from the jury was not preserved for appeal where defendant did not object at trial and waived plain error review by not specifically and distinctly contending plain error in his assignments of error as required by N.C. R. App. P. 10(c)(4) (2001). N.C. R. App. P. 10(b)(1).

**4. Sentencing–indecent liberties— nonstatutory aggravating factor—use of "children"—immaterial**

In a prosecution for taking indecent liberties with a child and aiding and abetting taking indecent liberties with a child, the nonstatutory aggravating factor that defendant had provided alcohol to the "children" who were the victims was not improper even though the charged offenses required proof that the victims were "children" under the age of sixteen because the use of the term "children" was immaterial. The gravamen of the aggravating factor was that defendant provided alcohol to the sisters and then victimized them. N.C.G.S. § 15A-1340.16(d).

**5. Sentencing–indecent liberties— nonstatutory aggravating factor—furnishing alcohol—transactionally related**

The trial court did not err by enhancing sentences for taking indecent liberties with a child and aiding and abetting taking indecent liberties based upon the nonstatutory aggravating factor that defendant furnished alcohol to the victims. Despite defend-

STATE v. BOWERS

[146 N.C. App. 270 (2001)]

ant's argument to the contrary, for which he cited no authority, the act of providing alcohol to the victims was transactionally related to the offenses for which he was being sentenced.

**6. Sentencing— nonstatutory aggravating factor—statutory purpose**

A nonstatutory aggravating factor that defendant furnished alcohol to indecent liberties victims served the statutory purposes outlined in N.C.G.S. § 15A-1340.12.

**7. Sentencing— indecent liberties—nonstatutory aggravating factor—provision of alcohol—sufficiency of evidence**

In an indecent liberties prosecution, the State proved by a preponderance of the evidence the nonstatutory aggravating factor that defendant furnished alcohol to the victims where there was testimony that defendant and another man (Smith) went into a store and emerged after purchasing alcohol, the sisters consumed the alcohol, and defendant victimized the 14-year-old sister while Smith victimized the 13-year-old. Whether defendant independently conceived the idea to purchase the alcohol, personally paid for it, or physically and personally provided it to the sisters for their consumption is immaterial.

Appeal by defendant from judgments entered 16 December 1999 by Judge F. Fetzer Mills in Superior Court, Brunswick County. Heard in the Court of Appeals 22 August 2001.

*Attorney General Roy Cooper, by Assistant Attorney General R. Kirk Randleman, for the State.*

*Norman D. Bullard and Bruce A. Mason, for the defendant-appellant.*

WYNN, Judge.

Defendant Christopher Dale Bowers appeals from convictions of taking indecent liberties with a child, and aiding and abetting taking indecent liberties with a child. We find no error.

The evidence presented at trial tends to show the following. In July 1998, defendant and Christopher Smith—ages 25 and 23—met two sisters—ages 13 and 14—who were on vacation with their family at Ocean Isle Beach. The four rode to a liquor store where the men purchased alcohol. Thereafter, the men dropped the sisters off but

STATE v. BOWERS

[146 N.C. App. 270 (2001)]

met them again later that evening and drove to a secluded area of the beach, where Smith and the sisters drank the alcohol.

After some time, the older sister noticed that her younger sister appeared intoxicated; so, she helped her younger sister into the front passenger seat of the vehicle beside Smith. The older sister then continued drinking and talking to defendant near the back of the car. Defendant kissed the older sister and urged her to have sex with him. She eventually relented, and the two engaged in vaginal intercourse. Afterward, the older sister heard her younger sister crying and asked defendant to check on her. Defendant walked to the car, turned up the car radio, and returned to the older sister who then tried to go to the car but defendant grabbed her by the arm. However, she pulled away; went to the car; found her younger sister in the car naked and engaged in intercourse on top of Smith; and pulled her younger sister out of the car.

Defendant presented no evidence at trial and his motions to dismiss the charges were denied. Upon the jury's verdict, the trial court sentenced defendant on each charge to consecutive minimum terms of 31 months and maximum terms of 38 months, finding as an aggravating factor that the "offenses in part involved the furnishing of alcoholic beverages to the child[ren] who are the victims of these crimes and this aggrav[a]ting factor has been proven by all the evidence and by any reasonable doubt." Defendant appealed.

[1] In his first assignment of error, defendant contends that the trial court erred "in denying [his] motions at the end of the State's evidence to dismiss the charges of Indecent Liberties and Aid and Abet Indecent Liberties." In his brief, however, defendant argues only that "[t]he trial court erred in denying [his] motion to dismiss the charge of aiding and abetting indecent liberties with a child." Therefore, to the extent defendant failed to argue error in denying his motion to dismiss the charge of taking indecent liberties, this assignment of error is deemed abandoned. See N.C.R. App. P. 28(a) (2001).

[2] In reviewing a defendant's motion to dismiss for insufficient evidence:

the trial court must consider the evidence in the light most favorable to the State and give the State every reasonable inference to be drawn therefrom. See State v. Lee, 348 N.C. 474, 488, 501 S.E.2d 334, 343 (1998).

State v. Grooms, 353 N.C. 50, 78, 540 S.E.2d 713, 731 (2000).

"A person who aids or abets another in the commission of a crime is equally guilty with that other person as principal." *State v. Noffsinger*, 137 N.C. App. 418, 425, 528 S.E.2d 605, 610 (2000). To sustain a conviction on a theory of aiding and abetting,

> the State's evidence must be sufficient to support a finding that the defendant was present, actually or constructively, with the intent to aid the perpetrators in the commission of the offense should his assistance become necessary and that such intent was communicated to the actual perpetrators.

*State v. Sanders*, 288 N.C. 285, 290-91, 218 S.E.2d 352, 357 (1975), *cert. denied*, 423 U.S. 1091, 47 L. Ed. 2d 102 (1976).

In the case at bar, when viewed in the light most favorable to the State, the evidence tends to show that defendant accompanied Smith to purchase alcohol for the sisters. While at the beach, defendant had every reason to be aware of what was happening between Smith and the younger sister in the car, but assured the older sister that "it was nothing." At the further urging of the older sister, who heard her sister crying, defendant went to the car and turned up the radio, and then returned to the older sister. When the older sister attempted to go help her sister, defendant grabbed her by the arm and temporarily restrained her. This evidence was sufficient to permit the jury to find that defendant, based on defendant's relation to Smith and his actions, "was present at the scene of the offense for the purpose of aiding [Smith] and that [Smith was] aware of such purpose." *Sanders*, 288 N.C. at 291, 218 S.E.2d at 357. We therefore find no error in the trial court's denial of defendant's motion to dismiss the charge of aiding and abetting taking indecent liberties with a child.

[3] Defendant next assigns error to the trial court's handling of two written questions presented by the jury to the court in the midst of its deliberations. During deliberations, the jury submitted a note to the court that read *in toto*:

> —Is aiding and abetting only during the actual event or does it include events that occur earlier in the day?

> —Define aiding and abetting.

In response, the trial judge provided the jury with what he termed "a generic definition of aiding and abetting," which correctly stated the doctrine. Defendant contends that the trial court erred by not specifically relating the definition of aiding and abetting to the particular

evidence in this case. Defendant did not raise this issue at trial, and argues in his brief on appeal that the trial court committed plain error; we disagree.

N.C.R. App. P. 10(b)(1) (2001) provides, in pertinent part:

> In order to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context.

Having failed to raise such an objection at trial, defendant has not preserved this issue for appeal. *See State v. Moore*, 132 N.C. App. 197, 200, 511 S.E.2d 22, 25, *disc. review denied and appeal dismissed*, 350 N.C. 103, 525 S.E.2d 469 (1999). Furthermore, by failing to "specifically and distinctly" contend plain error in his assignments of error as required by N.C.R. App. P. 10(c)(4) (2001), defendant has waived even plain error review. *See id.* Moreover, as our Supreme Court in *State v. Gary*, 348 N.C. 510, 501 S.E.2d 57 (1998) held,

> Even assuming *arguendo* that defendant properly preserved plain error review and that the trial court committed some error in [taking the action] cited in [defendant's] assignments of error, we conclude that the alleged errors do not rise to the level of plain error. To prevail on plain error review, defendant must show that (i) a different result probably would have been reached but for the error or (ii) the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial. *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997).

*Id.* at 518, 501 S.E.2d at 63. Because defendant failed to make the required showing, this assignment of error is without merit.

**[4]** Defendant's remaining arguments concern his final assignment of error, which states: "The court erred in [] finding [the] non-statutory aggravating factor and erred in using this factor to sentence the defendant in the aggravated range on each count." Defendant first argues that the trial court erred in finding as a non-statutory aggravating factor that he provided alcohol to the "child[ren]" who were the victims. The basis of defendant's argument is that an element of the offense of taking indecent liberties under N.C. Gen. Stat. § 14-202.1 (1999) is that the victim must be a "child" under the age of sixteen. Defendant reasons that the trial court's finding and use

of this non-statutory aggravating factor contravened N.C. Gen. Stat. § 15A-1340.16(d) (1999), which provides that "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation[.]" We find no error.

Defendant argues that the trial court's specific use of the term "child" in its non-statutory aggravating factor renders that aggravating factor improper, since the State was obligated to prove that the victims were "children" under the age of sixteen to convict defendant of the charged offenses. In his brief, defendant states that

> it is important to note that the court chose to use the term, "child" consistently in its sentencing order. The court never used the term "minor" which is defined by several statutes as one under the age of eighteen.

Thus, defendant would apparently argue that the trial court *could* have used this non-statutory aggravating factor if instead of "child" it had used the term "minor," or perhaps defined the aggravating factor as having provided alcohol to persons under the age of twenty-one. This contention is merely one of semantics.

The gravamen of the non-statutory aggravating factor found by the trial court was that defendant provided alcohol to the sisters and subsequently victimized them; implicit is that defendant's illicit act of providing alcohol facilitated his victimization of the sisters. Both sisters happened to be under the age of sixteen.

Manifestly, the trial court's specific use of the term "child" is immaterial; the trial court could just as easily have used the term "minor," or "underage," or simply "young." As far as the victims' ages are concerned, to prove the aggravating factor by a preponderance of the evidence, the State was *not* required to show that the victims were under the age of sixteen, as it was required to prove pursuant to G.S. § 14-202.1. *See State v. Hargrove*, 104 N.C. App. 194, 408 S.E.2d 757, *disc. review denied*, 330 N.C. 444, 412 S.E.2d 79 (1991) (State must prove existence of non-statutory aggravating factor by a preponderance of the evidence). Thus, the trial court's finding of this non-statutory aggravating factor did not contravene G.S. § 15A-1340.16(d). We also note that the victims' intoxication could have been considered by the trial court regardless of their age. *See State v. Potts*, 65 N.C. App. 101, 308 S.E.2d 754 (1983), *disc. review denied*, 311 N.C. 406, 319 S.E.2d 278 (1984). Defendant's argument is without merit.

STATE v. BOWERS

[146 N.C. App. 270 (2001)]

[5] Defendant next contends that the trial court erred in enhancing his sentence based upon the non-statutory aggravating factor because that factor was not transactionally-related to the offense for which he was being sentenced. We note that defendant cites no authority in support of this contention, in violation of our Rules of Appellate Procedure; nonetheless, we consider the argument but find it to be wholly without merit. *See* N.C.R. App. P. 28(b)(5) (2001); N.C.R. App. P. 2 (2001). Assuredly, the act of providing alcohol to the victims was transactionally-related to the offenses for which defendant was being sentenced, to-wit, taking indecent liberties, and aiding and abetting taking indecent liberties.

[6] Next, defendant contends that the trial court's finding of the non-statutory aggravating factor was improper under N.C. Gen. Stat. § 15A-1340.12 (1999), which provides:

> The primary purposes of sentencing a person convicted of a crime are to impose a punishment commensurate with the injury the offense has caused, taking into account factors that may diminish or increase the offender's culpability; to protect the public by restraining offenders; to assist the offender toward rehabilitation and restoration to the community as a lawful citizen; and to provide a general deterrent to criminal behavior.

We find no error, as we conclude that the trial court's finding of this non-statutory aggravating factor served the statutory purposes outlined.

[7] Lastly, defendant contends that the trial court's finding of the non-statutory aggravating factor was not supported by a preponderance of the evidence; we disagree. Both the older sister and Smith testified that Smith and defendant went into a store and emerged after having purchased alcohol. The evidence shows that the sisters consumed the alcohol, and subsequently defendant victimized the 14-year-old sister while Smith victimized the 13-year-old sister. Whether defendant independently conceived the idea to purchase the alcohol, personally paid for it, or physically and personally provided it to the sisters for their consumption is immaterial. The trial court found merely that "[t]he offenses in part involved the furnishing of alcoholic beverages to the child[ren] who are the victims of these crimes". A careful review of the evidence reveals that the State proved the existence of this non-statutory aggravating factor by a preponderance of the evidence.

No error.

Judges HUNTER and TYSON concur.