STATE OF NORTH CAROLINA v. TRAVIS LEVANCE WALTERS, DEFENDANT

No. COA10-281

(Filed 4 January 2011)

## 1. Evidence— admission of prior unsworn statement—corroborative—probative value not substantially outweighed by prejudice

The trial court did not err in a first-degree murder trial by admitting into evidence the prior unsworn statement of the deceased victim's sister where the statement was being used to corroborate the testimony of the witness who originally made the statement. Furthermore, defendant failed to show that the probative value of the statement was substantially outweighed by the risk of unfair prejudice.

## 2. Jury— jury instructions—continue deliberations—pattern jury instruction—language of statute—no abuse of discretion

The trial court did not abuse its discretion by instructing the jury to continue its deliberations using North Carolina Pattern Jury Instruction 101.40 rather than the language of N.C.G.S. § 15A-1235. Defendant failed to show a discrepancy between the substance of the pattern instruction and N.C.G.S. § 15A-1235.

---

Appeal by defendant from judgment entered 25 September 2009 by Judge Robert F. Floyd, Jr., in Robeson County Superior Court. Heard in the Court of Appeals 16 September 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Buren R. Shields, III, for the State.*

*M. Alexander Charns for defendant.*

ELMORE, Judge.

Defendant was convicted of first degree murder based upon the felony murder doctrine, as well as the underlying felony, robbery with a dangerous weapon; he was sentenced to life imprisonment without parole. Defendant raises two assignments of error on appeal: (1) the trial court erred by admitting into evidence the prior unsworn testimony of Latashia Waters, and (2) the trial court erred by instructing the jury using North Carolina Pattern Jury Instruction 101.40 rather than the language of N.C.G.S. § 15A-1235.

*Facts*

On 6 January 1998, defendant shot Betty Oxendine during his robbery of the Hardee's restaurant at which she worked; she later died of the wound she sustained. Investigating officers interviewed defendant's sister Latashia Waters and his mother before interviewing defendant. When they did interview defendant, he admitted shooting the victim, but stated that the gun just "went off" during the robbery.

Defendant was arrested for first degree murder on 6 January 1998. During the trial, Ms. Waters was called as a witness for the State. On direct examination, Ms. Waters was asked if she remembered speaking with an officer shortly after the killing occurred, and she responded that she did not remember. The prosecutor then showed Ms. Waters a statement that she had given to Lieutenant Barnes and asked her to identify it. She identified the document as her statement. The prosecutor then moved to introduce the statement into evidence; the defendant's attorney objected, and the trial court sustained the objection. Even after reading the statement, Ms. Waters stated that she did not remember what she told the officer; the prosecutor then asked her to read it again to see if it would refresh her memory. After reading the statement a second time, Ms. Waters answered that reading the statement had refreshed her recollection.

The prosecutor proceeded to ask Ms. Waters questions about her interactions with her brother the night of the murder. Ms. Waters testified that her brother had said that he shot the girl at Hardee's "[b]ecause him and his girlfriend was fussing," and that "[h]e was going to take it out on somebody." The prosecutor then moved a second time for the statement to be introduced into evidence, but the trial court again sustained defendant's objection. After asking further questions regarding the events of the night of the murder, the prosecutor again moved to introduce the statement into evidence; this time, the trial court granted the motion and received it into evidence. Immediately after the statement was admitted, defendant requested a limiting instruction that the evidence was only being offered and received for the purpose of corroborating the testimony of the witness; the trial court granted that request.

After the close of arguments, the jury began deliberations, which eventually spanned three days. After a series of requests by the jury, the trial court repeated the charges, the elements of each, and the verdict options for each.

On the second day of deliberations, the jury informed the judge that there was an eleven to one deadlock regarding the first degree murder charge but not on the charge of robbery with a dangerous weapon. The judge sent the jury back to the jury room and directed them to continue deliberations on both charges and to report back if they could not reach a unanimous verdict. He then stated:

I remind you that it is your duty to do whatever you can to reach a verdict. You should reason the matter over together as reasonable men and women in an effort to reconcile your differences, if you can, without surrender of conscientious convictions, but no juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

Before the jury entered the courtroom, defendant objected to some of the language to be used in this instruction and requested that the court re-instruct the jury by reading instead from the applicable statute. The court stated: "Your objection is noted[,]" but denied the request. The next day the jury returned with a unanimous verdict of guilty on the first degree murder charge, under the felony murder rule, as well as the underlying felony, robbery with a dangerous weapon.

*Discussion*

Defendant appeals both the admission of Ms. Waters's statement and the failure of the trial court to instruct the jury using the language of N.C. Gen. Stat. § 15A-1235, and instead instructing the jury using North Carolina Pattern Jury Instruction 101.40.

I.

[1] Defendant first argues that the trial court erred by admitting the unsworn out-of-court statement Ms. Waters made to the police. Defendant asserts that the trial court was in error based on two grounds: (1) under North Carolina Rule of Evidence 607, it was improper for the trial court to admit the substance of Ms. Waters's previous statement; and (2) even if this Court finds that it was not error for the trial court to admit the statement under Rule 607, the trial court should have excluded the statement under Rule of Evidence 403.

*North Carolina Rule of Evidence 607*

Rule 607 explicitly states that the "credibility of a witness may be attacked by any party, including the party calling him." N.C. Gen. Stat. § 8C-1, Rule 607 (2009). In *State v. Hunt*, our Supreme Court held that impeachment by prior inconsistent statement may not be allowed when used merely for the purposes of placing evidence that would not otherwise be admissible before the jury. 324 N.C. 343, 349, 378 S.E.2d 754, 757 (1989). Prior statements of a witness may be admitted as corroborative evidence "if they tend to add weight or credibility to the witness' trial testimony." *State v. Williams*, 363 N.C. 689, 704, 686 S.E.2d 493, 503 (2009) (quotations and citation omitted).

Based on *Hunt*, defendant argues that it was error for the trial court to admit Ms. Waters's statements into evidence for corroboration or for impeachment. There are, however, several differences between the facts of the case at bar and the facts of *Hunt* that lead us to conclude that it was proper for the trial court to allow the substance of Ms. Water's previous statement into evidence.

First, the witness in *Hunt* was deemed to be a hostile or unwilling witness and had expressly denied the substance of her prior statements. *Hunt*, 324 N.C. at 345-46, 378 S.E.2d at 756. Conversely, although Ms. Waters testified that she did not remember speaking with the police on the night of the murder, she did not ever deny making the statement to the police, nor did the trial court make a

determination that Ms. Waters was a hostile or unwilling witness. Second, in *Hunt*, the previous out-of-court statement was being offered into evidence through a police officer who was testifying as to the substance of that statement, and the statement was to be used to corroborate the officer's testimony. *Id.* at 347, 378 S.E.2d at 756. In this case, the State was offering the substance of Ms. Waters's statement to corroborate *her* in-court testimony. Finally, in *Hunt*, the prior statement was entered into evidence without a limiting instruction, and the judge did not inform the jury that they must not consider the prior statement as evidence of the truth until his final charge. *Id.* at 351-52, 378 S.E.2d at 759. In this case, however, the trial court issued a limiting instruction when the evidence was admitted, and the statement was immediately published to the jury. In combination, these facts serve to distinguish the facts of this case from the facts in *Hunt*.

In *Hunt*, the Supreme Court was concerned with keeping impeachment or corroboration from being used improperly by the State to admit evidence that would otherwise be inadmissible. *Id.* at 349, 378 S.E.2d at 757. This concern stems from the likely confusion of a jury in distinguishing between the impeachment, corroborative, and substantive uses of evidence. *Id.* at 349, 378 S.E.2d at 757-58. The concerns raised in *Hunt* are not present in the case at hand, however; here, a limiting instruction was given *in conjunction with* the admission of her statement, just before the statement was published to the jury. This limiting instruction served to limit the risk of confusion where the final charge by the trial judge in *Hunt* did not.

Here, because the statement was being used to corroborate the testimony of the witness who originally made the statement, there is no improper use as in *Hunt*. Therefore, it was not error for the trial court to admit the statement.

Finally, we note that defendant argues that admission of the statement violated the Confrontation Clause and *Crawford v. Washington*, 541 U.S. 36, 158 L. Ed. 2d 177 (2004), inasmuch as it was a testimonial hearsay statement which the State knew the witness could not remember making. As Ms. Waters was present to testify and be cross-examined at trial, however, this argument is unavailing.

*North Carolina Rule of Evidence 403*

In the alternative, defendant argues that, even if this Court finds that the statement was admissible under Rule 607, it should have been excluded under Rule 403, because the probative value of the

evidence was substantially outweighed by the danger of unfair prejudice. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2009). We disagree.

Rule 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." *Id.* Whether to exclude evidence pursuant to the Rule

> is a matter within the sound discretion of the trial court and its decision will not be disturbed on appeal absent a showing of an abuse of discretion. A trial court may be reversed for an abuse of discretion only upon a showing that its ruling was so arbitrary that it could not have been the result of a reasoned decision.

*State v. Campbell*, 359 N.C. 644, 674, 617 S.E.2d 1, 20 (2005) (quotations and citations omitted).

In this case, defendant offers no evidence suggesting that the trial court abused its discretion. Instead, defendant points to a single quote from the statement of Ms. Waters, taken out of context, and declares that the statement is extremely prejudicial. In response to questions from the police regarding why her brother had killed the victim, Ms. Waters answered that it was "[b]ecause him and his girlfriend was fussing," and that "[h]e was going to take it out on somebody." While this statement may be prejudicial to defendant's case, mere prejudice is not the determining factor in the Rule 403 balancing test. Rather, the trial judge must determine whether the *unfair* prejudice *substantially* outweighs the probative value. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2009). Defendant has failed to present evidence which shows that the probative value of Ms. Waters's statement was substantially outweighed by the risk of unfair prejudice.

In sum, we hold that the trial judge did not abuse his discretion in admitting Ms. Waters's statement.

II.

[2] Defendant's second argument centers on the decision of the trial court to instruct the jury based on North Carolina Pattern Jury Instruction 101.40 (pattern instruction), rather than N.C. Gen. Stat. § 15A-1235.

"A trial court is not required to give a requested instruction in the exact language of the request, but where the request is correct in law and supported by the evidence in the case, the court must give the instruction in substance." *State v. Summey*, 109 N.C. App. 518, 526, 428 S.E.2d 245, 249 (1993) (citation omitted).

The language of N.C. Gen. Stat. § 15A-1235(b) states:

> Before the jury retires for deliberation, the judge may give an instruction which informs the jury that:
>
>> (1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;
>>
>> (2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;
>>
>> (3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and
>>
>> (4) No juror should weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

N.C. Gen. Stat. § 15A-1235(b) (2009) (emphasis added).

The pattern instruction states:

> Your foreman informs me that you have so far been unable to agree upon a verdict. The Court wants to emphasize the fact that it is your duty to do whatever you can to reach a verdict. You should reason the matter over together as reasonable men and women and to reconcile your differences, if you can, without the surrender of conscientious convictions. But no juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict. I will let you resume your deliberations and see if you can reach a verdict.

N.C.P.I. Crim. 101.40 (2004). Finally, as stated above, the trial court's instructions to the jury were:

> I remind you that it is your duty to do whatever you can to reach a verdict. You should reason the matter over together as reasonable men and women in an effort to reconcile your differences, if you can, without surrender of conscientious convictions, but no juror should surrender an honest conviction as

to the weight or effect of the evidence solely because of the opinion of his fellow jurors or for the mere purpose of returning a verdict.

As is clear from a cursory reading of the three, they are virtually identical. Defendant argues that the slight rewording by the trial court makes it into a misstatement of the jury's duty as being to simply reach any verdict, rather than a truthful verdict. *See, e.g., State v. Lamb*, 44 N.C. App. 251, 252, 261 S.E.2d 130, 131 (1979).

When reviewing a trial court's decision to instruct a jury using a pattern instruction rather than a direct reading of a statute, the question is whether the instruction as given by the trial court "force[d] a verdict or merely serve[d] as a catalyst for further deliberations[.]" *State v. Peek*, 313 N.C. 266, 271, 328 S.E.2d 249, 253 (1985). Defendant points to no evidence to show that the instruction was anything more than a catalyst for further deliberation besides one question from the jury: "Judge, there appears to be a total difference of interpretation of the second degree verdict option." However, defendant provides no explanation as to how that statement shows that the trial court's instruction was in error or caused the jury to misunderstand its role.

Because defendant has not shown evidence which indicates a discrepancy between the substance of the pattern instruction and N.C. Gen. Stat. § 15A-1235, it was not an abuse of discretion for the trial court to instruct the jury using the pattern instruction. *See State v. Borders*, 164 N.C. App. 120, 123, 594 S.E.2d 813, 815-16 (2004) (holding no error where the instruction given to the jury was "virtually identical" to the pattern instruction and thus gave the substance of the requested instruction).

*Conclusion*

For the reasons stated above, we hold that it was not error for the trial court to admit Ms. Waters's statement, nor for it to instruct the jury based on North Carolina Pattern Jury Instruction 101.40, rather than reading N.C. Gen. Stat. § 15A-1235 directly to the jury.

No error.

Judges JACKSON and STEPHENS concur.

Judge JACKSON concurred in this opinion prior to 31 December 2010.