TYSON, Judge.
Gregory Alan Adams, Jr. ("Defendant") appeals from judgment entered after a jury convicted him of attempted first degree murder and possession of a firearm by a convicted felon. We find no error.
I. Factual Background
On 23 August 2012, Defendant shot and severely wounded R.D. ("victim"), who was fifteen years old. Defendant and the victim were acquainted and lived across the street from each other. The victim knew Defendant to be a drug user and had seen him under the influence of drugs on several occasions.
The victim testified he went over to say hello to Defendant, after seeing Defendant standing in the front yard of Defendant's mother's house. The victim testified that after he and Defendant exchanged "high-fives," he turned around to go home. As he was walking away, Defendant pulled out a gun and shot him.
When the first shot hit the victim in his side, the victim was confused and asked if Defendant had shot him. As he asked this question, the victim saw Defendant holding the gun. Defendant shot the victim several more times. The victim attempted to return home, but was too injured and fell to the ground. Another witness testified Defendant stood over the victim with the gun in his hand, but did not offer any aid to the victim after shooting him. Defendant eventually fled the scene.
Defendant testified the victim confronted him that morning and pulled out a gun. Defendant testified he attempted to get the gun from the victim. During the struggle, a shot was fired. Defendant testified he then took the gun from the victim and shot at him several times, because he was afraid the victim was going to kill him.
Emergency Medical Services transported the victim to the hospital, where he was immediately sent to the trauma room to be prepared for surgery. The victim suffered multiple, life-threatening gunshot wounds. According to a doctor at the hospital, the victim was "actively dying" and had to be resuscitated. After surgery, it was initially unclear whether he would survive his injuries.
The victim suffered nerve tissue damage to his spinal cord and is a quadriplegic as a result of his injuries. The victim is ventilator dependent and requires continuous nursing care, twenty-four hours a day, seven days a week. A bullet remains lodged in his neck and another bullet remains in situ near his heart. The victim's injuries required him to undergo a neck infusion and a pacemaker installation.
After the trial, the jury convicted Defendant of attempted first degree murder and possession of a firearm by a convicted felon. The jury also found the existence of the aggravating factor, that "the victim of this offense suffered serious injury that is permanent and debilitating." The trial court found Defendant had accumulated a prior record level of II and entered findings of aggravating factors on both convictions. The trial court sentenced Defendant to consecutive aggravated terms of 225 to 282 months for attempted first degree murder and 18 to 31 months for possession of a firearm by a convicted felon. Defendant appeals.
II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444(a) (2015).
III. Issues
Defendant argues the trial court (1) committed plain error by failing to instruct the jury that evidence necessary to prove an offense element could not be used to prove an aggravating factor, and (2) erred by imposing an aggravated sentence for possession of a firearm by a conviction felon, because the aggravating factor found by the jury was not present in or related to that offense.
IV. Standard of Review
When a defendant fails to object to the jury instruction, this Court reviews for plain error. State v. Lawrence , 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012). To demonstrate plain error, the "defendant must show that the erroneous jury instruction was a fundamental error-that the error had a probable impact on the jury verdict." Id .
The appealing party must not only show that an error occurred in the jury instruction, but also "that such error was likely, in light of the entire charge, to mislead the jury. Further, [this Court] must determine whether there is a reasonable possibility that had the instruction been given, the jury would have failed to find the existence of the aggravating factors." State v. Barrow , 216 N.C. App. 436, 446, 718 S.E.2d 673, 679 (2011) (citations and quotation marks omitted), aff'd , 366 N.C. 141, 72 S.E.2d 546 (2012). Only in rare cases will improper instructions " 'justify reversal of a criminal conviction when no objection has been made in the trial court.' " State v. Odom , 307 N.C. 655, 661, 300 S.E.2d 375, 378 (1983) (quoting Henderson v. Kibbe, 431 U.S. 145, 154, 52 L.Ed.2d 203, 212 (1977) ).
If a defendant challenges the use of an aggravating factor found by the jury to enhance his sentence, our standard of review is "whether [the] sentence is supported by evidence introduced at the trial and sentencing hearing." State v. Deese, 127 N.C. App. 536, 540, 491 S.E.2d 682, 685 (1997) (citation and quotation marks omitted).
V. Error in Jury Instruction
Defendant argues, and the State concedes, the trial court should have instructed the jury, that "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation[.]" N.C. Gen Stat. § 15A-1340.16(d) (2015). This Court has stated:
[t]he trial court has the burden of declaring and explaining the law arising on evidence as it relates to each substantial feature of the case. Because N.C. Gen. Stat. § 15A-1340.16(d) limits what evidence the jury can consider in deciding whether an aggravating factor exists, the trial court was required to instruct the jury in accordance with the statute-as the pattern jury instruction specifies.
Barrow , 216 N.C. App. at 445-46, 718 S.E.2d at 679 (internal citation omitted).
Defendant further argues the trial court's failure to properly instruct the jury constituted plain error, as the jury relied on "identical evidence" to establish both the attempted first degree murder charge and the aggravating factor. We disagree.
During review for plain error, we must determine whether, "absent the error, the jury probably would have reached a different result." State v. Jordan , 333 N.C. 431, 440, 426 S.E.2d 692, 697 (1993). Here, we must determine whether the evidence necessary to prove an element of the offense, attempted first degree murder, was also used to prove the aggravating factor, that the victim suffered serious injuries that are permanent and debilitating.
We review and consider the specific facts of each case to determine whether the evidence necessary to prove an element of the offense was also used to prove the aggravating factor. See, e.g. , State v. Brinson , 337 N.C. 764, 770, 448 S.E.2d 822, 825-26 (1994) ; Barrow , 216 N.C. App. at 446-47, 718 S.E.2d at 679-80 ; State v. Crisp , 126 N.C. App. 30, 38-39, 483 S.E.2d 462, 467-68, disc. review denied , 346 N.C. 284, 487 S.E.2d 559 (1997).
In Crisp , the defendant argued the evidence necessary to prove an element of assault with a deadly weapon with intent to kill was also used to prove that each victim suffered a serious injury that was permanent and debilitating. Crisp , 126 N.C. App. at 38, 483 S.E.2d at 467. This Court disagreed stating:
[T]he language of the statute, that "the serious injury inflicted upon the victim is permanent and debilitating" creates a distinction between the suffering of the victim at the time the serious injury is inflicted and any long-term or extended effects that arise due to that serious injury . The gunshot wounds suffered by [the victims] resulted in serious injuries at the time they were inflicted, wholly apart from their consequences. ... Thus, the same evidence was not used to support an element of the offense and the aggravating factor.
Id . at 39, 483 S.E.2d at 468 (emphasis supplied).
Here, the trial court properly instructed the jury on attempted murder, including defining first degree murder as "the unlawful killing of a human being with malice, with premeditation and with deliberation" and defining malice as:
Malice means not only ill will or spite ... but it also means the condition of mind which prompts a person ... to intentionally inflict serious bodily harm which proximately results in his death without just cause, excuse, or justification. (emphasis supplied).
The State presented ample evidence to support the charge of attempted murder, and specifically the element of "to intentionally inflict serious bodily harm." Defendant shot the victim multiple times while the victim was walking away, and continued to shoot after the victim was struck and attempting to return home. Defendant then stood over the victim with the gun in hand, did not offer any aid, and fled the scene.
The State's evidence further showed the victim suffered life-threatening gunshot wounds, which required immediate surgery. Evidence also showed it was unclear whether the victim would survive the following twenty-four hours. While the preceding facts clearly establish serious injury, none of them inform the jury of whether the victim would make a full recovery, or whether the injuries are permanent and debilitating.
The State presented additional evidence, not necessary to prove an element of attempted murder, which tended to show the victim suffered serious injuries that are permanent and debilitating. This includes evidence showing the victim is a quadriplegic, is ventilator dependent, requires continuous care, and has a pacemaker installed. Bullets remain lodged in the victim's neck and near his heart, and he must wear a metal plate around his neck.
The facts necessary to prove attempted murder are separate and apart from those which support the jury's finding of the aggravating factor that the victim suffered a serious injury that is permanent and debilitating. Crisp , 126 N.C. App. at 38-39, 483 S.E.2d at 467-68. Because separate facts were presented to support the jury's finding of the aggravating factor, Defendant failed to show the trial court's failure to properly instruct the jury had "a probable impact on the jury verdict" to support plain error. Lawrence , 365 N.C. at 518, 723 S.E.2d at 334. Defendant's arguments are overruled.
VI. Aggravated Sentence for Possession of Firearm by a Felon
Defendant argues the trial court erred in imposing an aggravated sentence for possession of a firearm by a convicted felon where the aggravating factor found by the jury was not presented in or related to that offense. We disagree.
"[I]n order for an aggravating factor to be reasonably related to the purposes of sentencing it must be reasonably related to the crime for which defendant was convicted." State v. Borders , 164 N.C. App. 120, 126, 594 S.E.2d 813, 817 (2004) ; see State v. Long , 316 N.C. 60, 66, 340 S.E.2d 392, 396 (1986) ( "Care must be taken to see that all aggravating factors are relevant to the offenses to which they are applied.").
The jury convicted Defendant of both charges of attempted first degree murder and possession of a firearm by a convicted felon. The jury also found the existence of the aggravating factor that the victim had suffered serious injuries that are permanent and debilitating. The trial court used this aggravating factor to impose consecutive aggravated sentences for both of Defendant's convictions.
Defendant used the illegally possessed firearm to inflict multiple and serious injuries upon the victim, including after the victim was shot and attempted to return home, which are permanent and debilitating. The aggravating factor was both relevant and reasonably related to sentencing for his conviction of possession of a firearm by a convicted felon. The trial court did not err by imposing the aggravated sentence for the possession conviction.
VII. Conclusion
While the trial court should have properly instructed the jury pursuant to N.C. Gen. Stat. § 15A-1340.16(d), its omission did not constitute plain error. Sufficient separate evidence was presented to support the jury's conviction for attempted first degree murder and the jury's finding of the aggravating factor.
The trial court did not err in its imposition of an aggravated sentence for Defendant's conviction of possession of a firearm by a convicted felon. We find no plain or prejudicial error in the jury's convictions or in the judgments entered thereon. It is so ordered .
NO ERROR.
Report per Rule 30(e).
Chief Judge McGee and Judge Stroud concur.